# TERRITORY OF HAWAII *v.* RANDOLPH ALDRIDGE.

## No. 2423.

ARGUED JULY 31, 1940.          DECIDED AUGUST 6, 1940.

### COKE, C. J., PETERS AND KEMP, JJ.

OPINION OF THE COURT BY COKE, C. J.

The above cause comes here on reserved questions of law from the circuit court of the first judicial circuit. The defendant, Randolph Aldridge, entered a plea of guilty in the circuit court to an indictment found by the grand jury charging him with the crime of manslaughter resulting from the unlawful driving and operation of a motor-

cycle. The circuit judge suspended the imposition of sentence and placed the defendant on probation for a period of five years.

At the time of the commission of the crime the defendant held, and continues to hold, a license to operate an automobile. He also at the time of the proceedings in the circuit court was a licensed chauffeur. After the defendant had been granted probation the prosecuting officer filed in the circuit court a motion to revoke the licenses of the defendant pursuant to the provisions of section 22, Act 234, Haw. Laws 1937, which reads: "Any court of competent jurisdiction shall forthwith revoke the license of any operator or chauffeur upon a conviction of such operator or chauffeur of any of the following offenses when such conviction has become final: (a) Manslaughter resulting from the operation of a motor vehicle. (b) Driving a motor vehicle while under the influence of intoxicating liquor or narcotic drugs. (c) Any felony in the commission of which a motor vehicle is used. (d) Failure to stop and render aid as required under the laws of this Territory or any political subdivision thereof in the event of a motor vehicle accident resulting in the death or personal injury of another. (e) Perjury or the making of a false affidavit or statement under oath to the Examiner of Chauffeurs, or his representative, under this Act, or under any other law relating to the ownership or operation of motor vehicles. (f) Conviction, or forfeiture of bail not vacated, upon three charges of furious and heedless driving committed within a period of twelve (12) months."

The motion for revocation coming on for hearing and the circuit judge being confronted with questions of law upon which he was in doubt and acting under the provisions of section 3540, R. L. H. 1935, reserved for the consideration of this court the following questions: "1.

Assuming that a defendant pleads guilty to 'manslaughter resulting from the operation of a motor vehicle' within the meaning of Section 2650-V, par. (a)—(Sec. 22, Act 234, Series B-62, Session Laws of Hawaii 1937)—and that when the plea of 'guilty' is entered the trial court 'suspended the imposition of sentence' and placed the defendant on probation under the powers provided by Section 5537, does this situation amount to a 'final conviction' within the meaning of said Section 2650-V such as to require the trial court immediately to revoke whatever 'operator's license' and 'chauffeur's license' a defendant may have possessed and does possess at the time of the offense and of the plea of guilty? 2. Where a defendant while operating a motorcycle on a private lot mortally injures a bystander and on a subsequent indictment for manslaughter pleads guilty, does Section 2650-V (Sec. 22, Act 234, Series B-62, Session Laws of Hawaii 1937) operate to require the immediate revocation of an 'operator's license' duly restricted by its terms (Sec. 15 of the Act 2650-O) 'to automobiles only' and the revocation of a 'chauffeur's license' (based upon the operator's license, 2650-B)?"

We are now informed by counsel for both parties that after the cause reached this court the order of probation and the suspension of sentence were revoked in the circuit court upon the motion of the prosecution officer and sentence was imposed upon the defendant upon the plea of guilty entered by him at the time of his arraignment on the indictment. The defendant prosecuted no appeal and there can be no doubt that the conviction has become final. It is apparent, therefore, that question number one is now moot.

A case is moot when the question to be determined is abstract, one that does not rest on existing facts or rights. (*City of Dallas* v. *Rutledge*, 258 S. W. 534 [Tex. Civ.

App.].; *Postal Tel.-Cable Co.* v. *City of Montgomery,* 193 Ala. 234, 69 So. 428.) "Courts will not consume time deciding abstract propositions of law or moot cases, and have no jurisdiction to do so." *Hudspeth* v. *Commonwealth,* 204 Ky. 606, 265 S. W. 18. For these reasons we must decline to respond to the first question propounded by the circuit judge.

The second question propounded, however, presents a controversy affecting the existing rights of the parties and therefore merits the consideration of this court.

The chauffeur's license formerly held by defendant expired by lapse of time on March 27, 1940, and hence is eliminated from further consideration. Act 234, Haw. Laws 1937, relates, as appears in its title, "to the Licensing of Persons Operating Motor Vehicles upon Highways and to make Uniform the Law Relating Thereto," etc. Motor vehicle is defined in section 1 (b) of the Act as being "Every vehicle which is self-propelled and every vehicle which is propelled by electric power obtained from overhead trolley wires, but not operated upon rails." A street or highway is defined in section 1 (j) of the Act as being "The entire width between property lines of every way or place of whatever nature when any part thereof is open to the use of the public, as a matter of right, for purposes of vehicular traffic." Section 2 (a) of the Act provides that "No person, except those hereinafter expressly exempted shall drive any motor vehicle upon a highway in this Territory unless such person has a valid license as an operator or chauffeur under the provisions of this Act." The defendant is not in the exempted class. There can be no doubt that motorcycles as well as automobiles fall within the definition of motor vehicles.

The statute plainly mandates the revocation by the court of the license of an operator who has been finally convicted of manslaughter resulting from the operation

of a motor vehicle. We find nothing in the statute which limits the power of revocation to any specific type of motor vehicle license. The legislative intent was to provide a means for the summary termination of a license to operate a motor vehicle where the holder thereof by his action and conduct has demonstrated his unfitness to exercise the privilege granted. A person who takes the life of another by criminal and wanton recklessness in the operation of a motor vehicle becomes in the eyes of the law a public menace and may not in any event be privileged to operate any type of motor vehicle on the public highway within the period of probation fixed by section 24, Act 234, Haw. Laws 1937. This plainly was in the legislative mind at the time of the enactment of the statute in question.

Nor do we think it at all material whether the killing takes place on a public highway, in a private compound, or elsewhere within the jurisdiction of the trial court. The statute draws no such distinction and on reason there should be none.

Eliminating reference to the chauffeur's license formerly held by defendant, which is no longer in force, and assuming that there has been a final conviction of the defendant of the crime of manslaughter resulting from the operation of a motor vehicle, question number two is answered in the affirmative.

*K. E. Young*, Assistant Public Prosecutor (*C. E. Cassidy*, Public Prosecutor, with him on the briefs), for the Territory.

*J. P. Russell* (*Thompson & Russell* on the brief) for defendant.