EDWARD E. JOHNSTON *v.* ANDREW T. F. ING,
LIEUTENANT GOVERNOR, STATE OF HAWAII.

No. 4620.

MAY 17, 1968.

RICHARDSON, C.J., MIZUHA, J., CIRCUIT JUDGE FELIX
IN PLACE OF MARUMOTO, J., DISQUALIFIED; CIRCUIT
JUDGE OKINO IN PLACE OF ABE, J., DISQUALIFIED;
AND CIRCUIT JUDGE OGATA IN PLACE OF
LEVINSON, J., DISQUALIFIED.

OPINION OF THE COURT BY MIZUHA, J.

This is an appeal from a final order of the Circuit Court
dismissing plaintiff-appellant's complaint for an injunction and
a decree directing the Lieutenant Governor to issue a proper
form of election ballots.

On Thursday, October 20, 1966, the defendant-appellee,
Lieutenant Governor, sent to the appellant-taxpayer and Chair-
man of the Republican Party, a sample of the ballot proposed
to be used in the November 8, 1966 general election. Appellant

received the ballot forms on Friday, October 21, 1966, after most of the ballots had been printed.

On Monday, October 24, 1966, appellant delivered to appellee a letter protesting the form of the ballot as being in violation of Chapter 11, R.L.H. 1955, as amended. Appellee consulted the Attorney General and halted the printing of the remainder of ballots.

On Thursday, October 27, 1966, appellee received an opinion from the Attorney General which recommended that the appellee "proceed with the present form of ballot" in view of the fact that "the bulk of the ballots have been printed and the election is imminent." Appellee resumed and completed the printing. Appellant received the Attorney General's opinion on the same day.

On Friday, October 28, 1966, appellee distributed absentee ballots to the respective county clerks. Appellant delivered a letter to appellee requesting reconsideration and enclosed a sample form of ballot which appellant claimed to be legal. Appellee replied to appellant on the same date stating that he could not comply with appellant's request because "most of the absentee ballots have already been mailed."

On Saturday, October 29, 1966, appellant filed a complaint in the Circuit Court for a temporary restraining order to stop the printing and distribution of the ballots in issue and for an order directing the appellee to prepare and print ballots in accordance with the statutory requirements.

The court issued an order to show cause returnable at 1:00 p.m., on Sunday, October 30, 1966. By stipulation, the hearing on the order to show cause was converted into a hearing on the merits.

The court found that approximately 225 persons had already marked their absentee ballots and left them with the county clerks, and stated:

> "The Court is convinced that it's utterly and completely impracticable to try to pursue it. I believe it was the figure of some 225 persons who have already voted on absentee ballots, try to pursue them, track them down wherever they

may be, including the ones overseas, and provide them with new and different ballots within the very limited period of time that remains prior to November 8th.

"The Court is unable to find that the actions pursued by the Lieutenant Governor and the form of ballot which he produced are likely to prevent, and in anywhere, the fair and free expression of the public will in this election. The complaint will, therefore, be dismissed."

A formal order of dismissal of the complaint was made and entered on November 7, 1966. The appellant having admitted that the original question presented to the lower court is moot, we affirm the judgment. *Territory* v. *Damon*, 44 Haw. 557, 356 P.2d 386, cert. denied, 368 U.S. 838; *Territory* v. *Aldridge*, 35 Haw. 565; *Murphy* v. *McKay*, 26 Haw. 171. However, we agree with appellant's contention that this court may discuss the issues of this case in the public interest.

There is a well settled exception to the rule that appellate courts will not consider moot questions. When the question involved affects the public interest, and it is likely in the nature of things that similar questions arising in the future would likewise become moot before a needed authoritative determination by an appellate court can be made, the exception is invoked.

"Among the criteria considered in determining the existence of the requisite degree of public interest are the public or private nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question.

"* * * In situations like this one, public authorities must act promptly if their action is to be effective, and although the precise limits of authorized conduct cannot be fixed in advance, no greater uncertainty should exist than the nature of the problems makes inevitable. In addition, the very urgency which presses for prompt action by public officials makes it probable that any similar case arising in the future will likewise become moot by ordinary standards before it can be determined by this court." *In re Brooks' Estate*, 32 Ill.

2d 361, 205 N.E. 2d 435, 437-438; *Anderson* v. *Martin,* 375 U. S. 399; *In re Madden,* 148 N.Y. 136, 42 N.E. 534.

The lower court observed that the form and content of the official ballot was "a matter of substantial public moment." Sections 11-38 and 11-40, R. L. H. 1955 (Supp. 1965), prescribes in meticulous detail what the ballot should and should not contain.

The public interest requires this court to make clear to election officials and lower courts that there be a proper ballot, and that circuit courts have the power to prevent use of a ballot not in conformity with the law and to compel officials to prepare and distribute proper ballots. *Willis* v. *Kanealii,* 17 Haw. 243; *Harris* v. *Cooper,* 14 Haw. 145; *State ex rel. Hewen* v. *Elliott,* 17 Wash. 18, 48 P. 734.

Article II, Section 5 of the Hawaii Constitution provides that general elections shall be held on the first Tuesday after the first Monday in November. Accordingly, § 11-145, R. L. H. 1955 (Supp. 1965), provides for the holding of absentee ballots by the county clerks until the constitutional day of election arrives, at which time they are delivered to the election inspectors and on that day cast on behalf of the absentees. Under these circumstances as absentee vote is not complete until the day of election. *State ex rel. Peacock* v. *Latham,* 125 Fla. 793, 170 So. 475. Relief cannot be denied just because absentee votes had been cast.

In this case, ample time existed between the hearing, October 30, 1966, and election day, November 8, 1966, in order to compel the appellee to reprint and redistribute corrected election ballots. However, the oral decision does not determine the question as to whether the ballots were printed in the proper form. It is unnecessary for us to rule on this question. However, when a trial court determines that election ballots had not been printed in the proper form and that there is sufficient time to reprint them before election day, it should order that corrected ballots be printed and distributed.

Affirmed.

*Tobias C. Tolzmann, Herbert Y. C. Choy, Shiro Kashiwa, James Tabor* for plaintiff-appellant.

*Bertram T. Kanbara,* Deputy Attorney General (*Bert T.*

*Kobayashi,* Attorney General; *Kenneth K. Saruwatari,* Assistant Attorney General; and *Nobuki Kamida,* Deputy Attorney General, with him on the brief) for defendant-appellee.