Antoinette GRANITO, individually and on behalf of others similarly situated, Plaintiffs,

and

Francine Ganeau, Plaintiff-Intervenor,

v.

Franklin SUNN, Director of the Department of Social Services and Housing, Defendant/Third-party Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Third-party Defendant.

Civ. No. 84–0273.

United States District Court, D. Hawaii.

Sept. 14, 1984.

Legal Aid Soc. of Hawaii, Brenton Rogozen, Honolulu, Hawaii, Ben H. Gaddis, Lloyd Van De Car, Hilo, Hawaii, for plaintiffs.

Tany S. Hong, Atty. Gen. of Hawaii, Thomas D. Farrell, Deputy Atty. Gen. of Hawaii, Honolulu, Hawaii, for defendant/third-party plaintiff.

Daniel A. Bent, U.S. Atty., Michael Chun, Asst. U.S. Atty., Honolulu, Hawaii, for third-party defendant.

## ORDER REGARDING INTERVENTION, CLASS CERTIFICATION, DISMISSAL, AND SUMMARY JUDGMENT

FONG, District Judge.

On August 24, 1984, the court heard oral argument on the defendant's Motion for Summary Judgment and Motion to Dismiss, plaintiffs' Renewed Motion for Determination of Class, plaintiffs' Motion for Summary Judgment, and defendant's "Motion to Reconsider" Magistrate's Decision (permitting Francine Ganeau to intervene as plaintiff). Plaintiffs were represented by Brenton Rogozen of the Legal Aid Society. Defendant Sunn was represented by Thomas D. Farrell, Deputy Attorney General for the State of Hawaii. Third-party defendant Heckler was represented by Michael Chun, Assistant United States Attorney.

The issue presented by this case is whether the lump-sum rule that applies to disqualify families from Aid to Families with Dependent Children may be applied to disqualify them from the Hawaii State Medicaid (medically needy) program.

The class action complaint in this case states that plaintiffs, defined as "recipients of and applicants for medical assistance benefits through the Department of Social Services and Housing, State of Hawaii," have been found ineligible for Medicaid benefits because of the non-recurring lump-sum rule adopted by defendant in the Hawaii Aid to Families with Dependent Children program.

They allege that defendant's lump-sum rule is being used improperly as a basis for denying Medicaid benefits which they would otherwise be entitled to receive. Plaintiffs allege that there is no authority in the Medicaid program, 42 U.S.C. § 1395–§ 1396p (1982), for a "lump-sum" rule.

Plaintiffs seek certification as a class, on the grounds that, under Rule 23(a) of the Federal Rules of Civil Procedure, the class is so numerous that joinder of all members is impracticable; there are questions of fact or law common to the class; the claim of the representative party is typical of the claims of the class; and the representative party will fairly and adequately protect the interests of the class. Further, they argue that the requirement of Rule 23(b)(2) is met, in that the defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the class as a whole.

The facts, as they pertain to plaintiff Ganeau, are as follows: Prior to May, 1984, she and her minor child received Aid to Families with Dependent Children ("A.F.D.C.") and Medicaid benefits from the Department of Social Services and Housing ("D.S.S.H."). In March 1984, plaintiff received a lump-sum payment of $9,293.78 as the beneficiary of her brother's life insurance policy. As a result of the lump-sum payment, plaintiff was terminated from the A.F.D.C. program, and denied future Med-

icaid benefits effective May 1, 1984, for 23 months.

The complaint alleges that, by April 30, 1984, plaintiff had less than $1,000 left from the insurance after paying off her accumulated debts. Francine Ganeau has filed an affidavit which shows that, by May 1, 1984, she had less than $2,000 of the lump sum remaining.

The lump-sum rule is contained in Hawaii Administrative Rule § 17–626–6. It provides that an applicant for financial assistance who receives a lump-sum shall be ineligible for such assistance for a number of months, determined by dividing the lump-sum by the family's standard of assistance. In the case of the two-member Ganeau family, the monthly standard of assistance is $390.00. Applying the lump-sum rule to plaintiff Ganeau, $9,293.78 divided by $390.00 results in an ineligibility period of 23.8 months.

The basis for the lump-sum rule is 42 U.S.C. § 602(a)(17) (1982) (part of Title IV–A of the Social Security Act), which sets forth the requirements of the A.F.D.C. program. There is no comparable provision to 42 U.S.C. § 602(a)(17) in 42 U.S.C. § 1396a(a)(10) (1982) (of Title XIX of the Social Security Act), which sets forth the requirements for coverage of the medically needy in the Medicaid program.

Plaintiffs present four causes of action:

    i. The plaintiffs argue that use of the A.F.D.C. lump-sum rule to deny Medicaid benefits imposes an eligibility requirement not provided for under federal law, in violation of 42 C.F.R. § 435.300 to § 435.340 (1983), the regulatory basis for the medically-needy program, 42 C.F.R. § 435.800 to § 435.852 (1983), which sets out the financial requirements for the medically-needy program, and 42 U.S.C. § 1396a(a)(10) (1982).

    ii. Further, the plaintiffs argue: Where a family's income is greater than the maximum income level for eligibility for free medical assistance, the family is still eligible for medical-assistance, but on a "cost-share" basis. On a "cost-share" basis, the family would incur the medical costs in the amount by which the family's income exceeds the maximum eligibility level, after which the state pays for additional medical costs. See 42 C.F.R. § 435.300 to § 435.340 and § 435.-800 to § 435.852. Thus, denial of Medicaid benefits violates 42 C.F.R. § 435.300 to § 435.340 and § 435.800 to § 435.852. C.F.R.

    iii. Plaintiffs argue that denial of Medicaid benefits violates the due process clause of the Fourteenth Amendment to the Constitution.

    iv. Plaintiffs argue that denial of the Medicaid benefits violates plaintiffs' civil rights, under 42 U.S.C. § 1983 (1982).

The plaintiffs seek the following relief: 1) certification as a class action, 2) a permanent injunction precluding the defendant from applying the A.F.D.C. lump-sum benefit rule to Medicaid benefits, 3) a judgment that the defendant's policy violates 42 C.F.R. § 435, the due process clause, and 42 U.S.C. § 1983, 4) an order that defendant notify each recipient whose benefits were improperly terminated that they may reapply for assistance, 5) and attorney's fees and costs.

*I. Defendant's "Motion to Reconsider" Magistrate's Decision (permitting Francine Ganeau to intervene as plaintiff)*

Defendant Sunn has filed a "Motion to Reconsider" Magistrate Gedan's order granting Francine Ganeau's motion to intervene as party-plaintiff.

Although the motion is styled as a motion to reconsider, the text of the motion refers to Rule IV.A.3 of the Magistrate Rules for the District of Hawaii. That provision deals with appeals of magistrates' rulings.

The motion itself contains no argument: it simply states that it is "based upon the pleadings previously filed."

Plaintiff Ganeau has filed a memorandum in opposition to defendant's "Motion to Reconsider." Plaintiff points out that defendant filed the motion more than 10 days after the magistrate's order, in violation of the rule cited in the motion. Fur-

ther, plaintiff points out that defendant in no way meets his burden of showing that the magistrate's ruling in this non-dispositive matter was clearly erroneous or contrary to law.

On the basis of the motion filed, and the memorandum in opposition, the court finds that defendant's "Motion to Reconsider" the magistrate's order granting Francine Ganeau's Motion to Intervene, does not meet the burden under Rule IV.A.3 of the Magistrate Rules for the District of Hawaii, as well as under 28 U.S.C. § 636(b)(1)(A) (1982), of showing that the magistrate's ruling was clearly erroneous or contrary to law.

Accordingly, IT IS HEREBY ORDERED that defendant's "Motion to Reconsider" the magistrate's order granting Francine Ganeau's Motion to Intervene be, and the same is, DENIED.

## II.  Motion for Determination of Class

Plaintiffs have renewed their motion for certification as a class. Defendant does not oppose the motion.

Under Rule 23(a), there are a number of requirements that must be met before the court can certify a class. First, there must be questions of law or fact common to the class. In this case, all the members of the class, by definition, have been or are being denied medical assistance benefits on account of their receiving a non-recurring lump sum, regardless of whether the lump sum is still available to them.

The named plaintiff has a claim which is typical of the claims of the class. This requirement has been met because the named plaintiff presents claims based on the same legal theories or transaction as the absent members of the class. See, e.g., *Daigle v. Warner*, 348 F.Supp. 1074 (D.Hawaii 1972); *In re Folding Carton Anti-Trust Litigation*, 75 F.R.D. 727 (N.D.Ill. 1977).

Further, the class meets the numerosity requirement, because the class is so numerous that joinder of all members of the class would be impracticable. See, e.g., *Life of*

*the Land v. Burns*, 59 Hawaii 244, 253, 580 P.2d 405 (1978). The numerosity requirement is met if it is simply impracticable to determine total class membership, *Davy v. Sullivan*, 354 F.Supp. 1320 (M.D.Ala.1973), and even if the class has as few as eighteen plaintiffs, see *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n*, 375 F.2d 648 (4th Cir.1967).

Plaintiffs satisfy the requirement of fair and adequate representation, because they a) have competent counsel, b) have interests co-extensive with the absent members of the class, and c) do not have interests antagonistic to the other members of the class.

Finally, the requirement of Rule 23(b)(2) is met: the party opposing the class has acted on grounds generally applicable to the class. Thus, class certification is appropriate.

The court finds that the plaintiffs have met the foregoing requirements as set forth in Rule 23, for certification as a class. This lawsuit shall be maintained as a class action; the class shall be defined as "all persons in the state of Hawaii whose state of Hawaii medical assistance benefits under the medically needy program have been or are being denied on account of their receipt of a non-recurring lump sum, regardless of whether the lump sum is still available to them."

## III.  Defendant's Motion to Dismiss

Defendant has filed a Motion to Dismiss, on the grounds that the court is without jurisdiction over the lawsuit. This court has previously addressed this motion, based on the same grounds presented here, in both *Nishimoto v. Sunn*, Civil No. 82–0359 (D.Hawaii March 14, 1983) (order denying motion to dismiss) and *Kaaiaka-manu v. Sunn*, Civil No. 83–1307 (D.Hawaii April 18, 1984) (order denying motion to dismiss).

Defendant Sunn argues that the court lacks jurisdiction over this cause of action because the plaintiffs have failed to exhaust administrative remedies. Defendant Sunn argues that the plaintiffs have a spe-

cific statutory remedy under 42 U.S.C. § 602(a)(4) (1982) and Hawaii Rev.Stat. § 346–12 (1976); in support, he cites *Middlesex County Sewerage Auth. v. National Sea Clammers Ass'n,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981) and *Chapman v. Houston Welfare Rights Org.,* 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979).

Unlike the situations in· *Middlesex* and *Chapman,* the Social Security Act does not contain provisions for specific statutory remedies for enforcing or enjoining enforcement of its provisions. Thus, those cases are inapplicable.

■ Instead, the court accepts the rule of *Jones v. Califano,* 576 F.2d 12, 20–21 (2d Cir.1978), which holds that exhaustion of remedies is unnecessary when it vindicates no legitimate agency interest because the only disputed issue is one of statutory construction. Because the only issue is the legal interpretation of provisions of the Medicaid program, no purpose would be served by requiring plaintiffs to seek an administrative hearing under 42 U.S.C. § 602(a)(4).

■ The court finds that the availability of another potential remedy does not foreclose the use of declaratory relief where more effective relief can be obtained in the declaratory relief proceeding. In this case, it finds that the plaintiffs need not exhaust their remedies under 42 U.S.C. § 602(a)(4) and Hawaii Rev.Stat. § 346–12 (1976).

This court finds that it does have jurisdiction over the cause of action, under 28 U.S.C. §§ 1331 and 1343 (1982).

Accordingly, IT IS HEREBY ORDERED that defendant's Motion to Dismiss is DENIED.

*IV. and V. Cross-Motions for Summary Judgment*

### Defendant's Motion

The court first addresses defendant Sunn's summary judgment motion. The defendant argues that former A.F.D.C. recipients disqualified from financial assistance because of the lump-sum rule must also be disqualified from medical assistance.

Defendant argues that plaintiffs are ineligible for Medicaid simply because they are no longer eligible for A.F.D.C. First, defendant argues that 42 U.S.C. § 1396a(a)(10)(A)(ii) (1982) gives the state the option to provide coverage to those persons who are not recipients of cash assistance, but who meet the income and resource requirements of the cash assistance program. Defendant then argues that, because of this section, plaintiffs cannot qualify for medical assistance unless they meet all A.F.D.C. eligibility requirements.

Defendant next argues that, because 42 U.S.C. § 1396a(a)(10)(C)(i)(III) (1982) provides that the methods to be used in determining eligibility for the medically needy shall be the same as that used under the appropriate state plan to which the group is most closely categorically related, the income and resource criteria are the same for both the categorically needy (recipients of benefits under the Aged, Blind and Disabled program, the Supplemental Security Income program, or the A.F.D.C. program) and the medically needy.

■ Nevertheless, the court finds the defendant's arguments unpersuasive. The medically needy are individuals who are not receiving cash assistance because their income and/or resources are too high to allow them to be categorically needy. 42 C.F.R. § 435.301(a) (1983). Nevertheless, such persons are eligible for Medicaid in a spend-down basis in states with medically needy programs. 42 U.S.C. § 1396d(a) and § 1396a(a)(10)(C) (1983). Thus, defendant's argument that the plaintiffs are ineligible for Medicaid because they are ineligible for A.F.D.C. is inconsistent with the statutory intent of the medically needy program.

The income levels for the medically needy are set out in 42 C.F.R. § 435.800 to § 435.852 (1983). If the income does not exceed the medically needy income levels ("MNIL"), the applicant is eligible. If an applicant has income in excess of the MNIL, he must be permitted to spend-down

by incurring medical expenses in an amount equal to the excess. 42 C.F.R. § 435.831(c). If, after considering the medical expenses, the remaining income does not exceed the MNIL, the applicant is eligible. 42 C.F.R. § 435.831(d). Defendant's current regulations on "spend-down" are Hawaii Administrative Rules §§ 17–744–68 and 17–744–71.

Under the Omnibus Budget and Reconciliation Act of 1981 ("OBRA"), Pub.L. No. 97–35, 95 Stat. 844 (1981), Congress changed the terms of the medically needy program, allowing states to choose which groups (of the aged, the blind, the disabled, children, caretaker relatives, and pregnant women) to cover in its medically needy program, as long as at least children and pregnant women are included. 42 U.S.C. § 1396a(a)(10)(C) (1982).

The court notes that the 1981 OBRA amendments did not change the income and resource eligibility requirements for the medically needy.

Nevertheless, the Secretary of Health and Human Services, apparently misunderstanding the congressional intent behind the 1981 OBRA amendments, adopted new regulations effective October 1, 1981, which gave the states flexibility in determining eligibility for the medically needy program. Congress did not approve of the new regulations, however. The Tax Equity and Fiscal Responsibility Act amended 42 U.S.C. § 1396a(a)(10)(C)(i) to make it clear that a single income and resource standard must be applied to all eligible groups.

Defendant's argument that 42 U.S.C. § 1396a(a)(10)(A)(ii) gives the states the option to set the same income and resource requirements as it sets for the A.F.D.C. program is irrelevant. The section cited by defendant deals with the optional categorically needy, rather than the medically needy. See 42 C.F.R. § 435.200 to § 435.-232 (1983).

■ Defendant's second argument is that because 42 U.S.C. § 1396a(a)(10)(C)(i)-(III) provides that the *methods* of determining eligibility for the medically needy

program shall be the same as under the similar categorical state plan, the income and resource criteria can be the same. It is clear, however, that the defendant is misreading the regulation. Such an interpretation would directly conflict with § 1396a (a)(10)(C)(ii), which explains that if any medically needy group is covered in a state, the state must cover children under 18 who would be eligible for A.F.D.C. under § 1396a(a)(10)(A), except for their income and resource level. If the defendant's interpretation of 42 U.S.C. § 1396a(a)(10)(C) (i)(III) were correct, § 1396a(a)(10)(C)(ii) would make no sense.

Further, Hawaii is a § 209(b) state. That is, in 1973, Hawaii chose to limit Medicaid eligibility under § 209(b)(1) of Pub.L. 92–603, an option given to the states with the proviso that they cannot make eligibility criteria more restrictive than they were in 1972. See 42 U.S.C. § 1396a(f). For this reason, the court finds that 42 U.S.C. § 1396a(a)(10)(C)(i)(III) is not applicable in Hawaii.

Finally, defendant ignores 42 U.S.C. § 1396a(a)(17)(B), which provides that not only must the state include reasonable standards for determining eligibility, but the state may only take into account such income and resources as are "available" to the applicant or recipient. Once a recipient exhausts his lump-sum, it is no longer available, and cannot be used to deprive the recipient of Medicaid coverage. Even if the lump-sum were treated as income, the recipient must nevertheless be permitted to spend-down to medically needy levels. See 42 C.F.R. § 435.831(c) (1983).

For all of these reasons, the court finds that the defendant's motion for summary judgment is inappropriate. Thus, IT IS HEREBY ORDERED that defendant's Motion for Summary Judgment be, and the same is, DENIED.

*Plaintiff's Motion for Summary Judgment*

Plaintiffs seek summary judgment under Rule 56. Specifically, they seek a permanent injunction precluding defendants from applying the lump sum rule under the A.F.

D.C. program to deny Medicaid benefits to plaintiffs.

The court reaches the following conclusions of law:

1. The lump sum rule for A.F.D.C., at 42 U.S.C. § 602(a)(17) (1982) disqualifies a family from A.F.D.C. benefits for a period of time after a non-recurring lump sum award is received; the period of ineligibility is determined by dividing the amount of the lump sum by the family's standard of need.

2. The Hawaii State Plan for the Medicaid program, submitted to the Department of Health and Human Services for approval, covers medically needy pregnant women, persons under the age of 19, the aged, blind, and disabled. Those persons are covered pursuant to 42 U.S.C. § 1396a(a)(10)(C). Hawaii is bound by 42 U.S.C. § 1396a(a)(17)(B) and 42 C.F.R. § 435.845(b), which provide that the state may only consider resources that are available in determining eligibility for the medically needy program.

3. The medically needy are not required to meet A.F.D.C. standards, under 42 C.F.R. § 435.831(a)(1). That section gives children under 21 and their caretaker relatives the same deductions, when applying for the medically needy program, that they would have under the A.F.D.C. program. If that provision required that all A.F.D.C. income and resource eligibility criteria apply to the medically needy, it would directly conflict with 42 C.F.R. § 435.831(c) and (d), which provide that the state must provide Medicaid to medically needy persons who spend their excess income on incurred medical expenses.

4. In Hawaii, the aged, blind and disabled are treated under a different provision, 42 C.F.R. § 435.831(a)(3). Under that provision, an applicant is eligible if his income is less than the income standard. If his income is greater than the medically needy income standard, then the state must deduct the incurred medical expenses; if the income is then less than the standard, the applicant is eligible. This section does not determine eligibility, as defendant argues, on the basis of A.F.D.C. eligibility requirements.

5. There is no provision in the statute providing for disqualification from Medicaid eligibility because of the receipt of a lump sum. The state may not impose eligibility requirements not found in the statute. See, e.g., *Carleson v. Remillard,* 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972); *King v. Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968).

6. The Medicaid statute provides that only *available* resources may be considered. 42 U.S.C. § 1396a(a)(17)(B).

7. The Department of Social Services and Housing's application of the lump-sum rule under the A.F.D.C. program to Medicaid benefits is incorrect whether the lump sum is considered as a resource (as Hawaii Administrative Rule § 17–744–61(a) requires), or as income.

*As resource:* Current Hawaii Administrative Rule § 17–744–61 provides that non-recurring payments that are not earned income are made part of the family's personal reserve. If the amount in the personal reserve (as set out in Supplement 2 to Attachment 2.6–A to the Hawaii State Medicaid Plan) exceeds the maximum levels set forth in § 17–744–44, then the family is ineligible "until the excess has been exhausted." Thus, as soon as the family spends enough of the non-recurring payment to bring the personal reserve amount below the maximum level, the family is once again eligible. If the lump sum is treated as a resource, the family would become eligible once they spent enough of the lump sum to reduce their resources to below the Medicaid standard of need. Once the resource is spent, it is no longer available. Because only available income may be considered, see 42 C.F.R. § 435.845(b) (1983), a family would be eligible after they spent the resource to below the "personal reserve" amount.

*As income:* The lump sum would be divided by the family's standard of need under A.F.D.C. (pursuant to the A.F.D.C. lump-sum rule, 42 U.S.C. § 602(a)(17)), and

be considered as income equal to the standard-of-need level under A.F.D.C. for those months. Because the Medicaid standard-of-need level differs from that under A.F.D.C., the income level would need to be compared to the Medicaid standard of need, in order to determine eligibility. Even if the family's income exceeds the Medicaid standard of need (as set forth in D.S.S.H. Administrative Rule § 17–744–48(3)), the family can qualify for the spend-down provision. Thus, for the Ganeau family, the lump sum would be deemed as income of $390 per month (the A.F.D.C. standard of need); because that amount is less than the $400 Medicaid standard of need, the Ganeau family would still qualify for the Medicaid program under 42 C.F.R. § 435.831(d) (1983).

8. The court rejects defendant Sunn's argument that the A.F.D.C. lump-sum rule is a "methodology" which must be applied pursuant to 42 U.S.C. § 1396a(a)(10)(C)(i)(I-II). First, such an application could only be used to disqualify children, not the aged, blind, and disabled, as there is no lump-sum rule in the Supplemental Security Income program. Second, defendant's argument would conflict with 42 U.S.C. § 1396a(a)(1-0)(C)(ii)(I), which requires states with medically needy programs to provide Medicaid to children under age 18 who, but for income and resources, would be eligible for A.F.D.C. benefits. Third, the A.F.D.C. lump-sum rule is a "standard," rather than a methodology, as it determines eligibility, rather than the level of benefits. See *Morris v. Morrow*, 594 F.Supp. 112 (W.D.N.C., 1984).

9. In addition, D.S.S.H. cannot decide to *presume* that money is available to the family. Courts have consistently held that state rules which presume money to be available which is not actually available violate the requirements of 42 U.S.C. § 1396a(a)(17)(B). See, e.g., *Fabula v. Buck*, 598 F.2d 869 (4th Cir.1979).

10. Further, because Hawaii is a § 209(b) state, see supra, the resource levels cannot be made more restrictive than the levels existing on January 1, 1972.

11. This court adopts the reasoning of the United States Court of Appeals for the First Circuit in *Massachusetts Ass'n of Older Americans v. Sharp*, 700 F.2d 749, 753 (1st Cir.1983), which held that eligibility for A.F.D.C. benefits must be considered separately from eligibility for Medicaid benefits.

12. The defendant has failed to follow his own regulations for administration of the Medicaid program. Current Hawaii Administrative Rule § 17–744–61 provides that non-recurring payments that are not earned income are made part of the family's personal reserve. If the amount in the personal reserve exceeds the maximum levels set forth in § 17–744–44, then the family is ineligible "until the excess has been exhausted." Thus, as soon as the family spends enough of the non-recurring payment to bring the personal reserve amount below the maximum level, the family is once again eligible. For Ms. Ganeau, the personal reserve is $2,250. Thus, as soon as she spent the lump sum down to that amount, she became eligible. Because Ms. Ganeau had less than $2,250 at the end of April, 1984, the notification that she received from D.S.S.H. that she would not be eligible for Medicaid for 23 months from May 1, 1984 improperly denied Medicaid payments to her.

For all of these reasons, the court finds that summary judgment in favor of the plaintiffs is appropriate.

Thus, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that a permanent injunction shall issue in this case. The defendant is enjoined from denying Medicaid benefits to those persons covered under the state's medically needy program because of the receipt of a lump sum provided such individual's total resource levels do not exceed the maximums set forth in Supplement 2 to Attachment 2.6–A to the Hawaii State Medicaid Plan. Defendant Sunn shall notify in writing each of his employees involved in the administration of the Medicaid program of this court's order. Moreover, defendant Sunn shall place a notice in the Honolulu Advertiser and the

**418**

Honolulu Star Bulletin, as set forth in the appendix, informing the class members of their eligibility for Medicaid benefits. Defendant Sunn shall submit a report to this court within 25 days of the date of this order detailing his compliance with this order.

APPENDIX

DEPARTMENT OF SOCIAL SERVICES AND HOUSING, State of Hawaii

PUBLIC WELFARE DIVISION

NOTICE TO FORMER WELFARE RECIPIENTS

If you have been terminated as a recipient of financial assistance and Medicaid benefits because you received a lump sum of unearned income (such as an inheritance, insurance proceeds, worker's compensation award, etc.), this notice may be important to you.

Judge Harold Fong, United States District Court, has ruled in the case of *Granito v. Sunn*, Civil No. 84–0273, that Medicaid benefits may still be available to those recipients whose financial assistance was terminated due to the receipt of a lump sum. Therefore, even though you may be ineligible for financial assistance, you may nevertheless continue to be eligible for Medicaid benefits.

If you received a notice from your welfare worker terminating your Medicaid benefits because you received a lump sum, contact the Legal Aid Society of Hawaii office on your island. On Oahu, the telephone number is 536-4302.

Franklin Y.K. Sunn, Director