289 P.3d 1011

SIERRA CLUB, Appellant–Appellee,

v.

CASTLE & COOKE HOMES HAWAI‘I, INC., Appellee–Appellant,

and

The Land Use Commission of the State of Hawai‘i; Office of Planning, State of Hawaii; Department of Planning and Permitting; and Neighborhood Board No. 25, Appellees–Appellees.

Sierra Club, Appellant–Appellee,

v.

The Land Use Commission of the State of Hawai‘i, Appellee–Appellant,

and

Castle & Cooke Homes Hawai‘i, Inc.; Office of Planning, State of Hawaii; Department of Planning and Permitting; and Neighborhood Board No. 25, Appellees–Appellees.

Sierra Club, Appellant–Appellee,

v.

Castle & Cooke Homes Hawai‘i, Inc., Appellee–Appellant,

and

The Land Use Commission of the State of Hawai‘i; Office of Planning, State of Hawaii; Department of Planning and Permitting; and Neighborhood Board No. 25, Appellees–Appellees.

Sierra Club, Appellant–Appellee,

v.

The Land Use Commission of the State of Hawai‘i, Appellee–Appellant,

and

Castle & Cooke Homes Hawai‘i, Inc.; Office of Planning, State of Hawaii; Department of Planning and Permitting; and Neighborhood Board No. 25, Appellees–Appellees.

Nos. CAAP–11–0000625, CAAP–11–0000627, CAAP–11–0000730, CAAP–11–0000744.

Intermediate Court of Appeals of Hawai‘i.

Aug. 24, 2012.

Benjamin M. Matsubara, Curtis T. Tabata, Wyeth M. Matsubara, (Matsubara–Kotake),

on the briefs, for Appellee–Appellant, Castle & Cooke Homes Hawai'i, Inc.

Diane Erickson, (on the opening and reply briefs), Sarah R. Hirakami, (on the reply brief), Deputy Attorneys General, on the briefs, for Appellee–Appellant, Land Use Commission, State of Hawai'i.

Robert D. Harris, on the briefs, for Appellant–Appellee, Sierra Club.

FOLEY, Presiding J., FUJISE and LEONARD, JJ.

Opinion of the Court by FOLEY, J.

Castle & Cooke Homes Hawai'i, Inc. (Castle & Cooke) and the Land Use Commission of the State of Hawai'i (LUC) appeal from the Final Judgment (judgment) entered October 5, 2011 in the Circuit Court of the First Circuit[1] (circuit court). Judgment was entered pursuant to the "Order Summarily Denying Appellees Supplemental Memorandum Re: Jurisdiction for Quo Warranto filed herein on July 29, 2011" and the "Order Summarily Denying Appellee Castle & Cooke Homes Hawaii, Inc.'s Motion For Reconsideration Of Order Denying Appellees Supplemental Memorandum Re: Jurisdiction for Quo Warranto Without Hearing filed herein on August 15, 2011." Judgment was entered in favor of Sierra Club and against Castle & Cooke, LUC, Office of Planning of the State of Hawai'i (State OP), the City and County of Honolulu Department of Planning and Permitting (City DPP), and the City and County of Honolulu Neighborhood Board No. 25 (City NB No. 25).

## I.

On October 15, 2010, LUC filed "Findings of Fact, Conclusions of Law and Decision and Order" (Order) in Petition No. A07–775 (Petition), which (1) reclassified land within Castle & Cooke's Koa Ridge Makai (Koa Ridge Makai), Increment 1, to the State Land Use Urban District, and (2) approved for incremental redistricting and conditional redistricting to State Land Use Urban District the land within the Castle & Cooke Wai'awa Project (Wai'awa Project), Increment 2.

1. The Honorable Karl K. Sakamoto presided.

On November 10, 2010, Sierra Club filed an appeal in circuit court from LUC's Order pursuant to Hawaii Revised Statutes (HRS) § 91–14 (1993 & Supp.2010), HRS § 205–4(i) (2001 Repl. & Supp.2010), Hawaii Administrative Rules (HAR) § 15–15–93 (2010), and Hawai'i Rules of Civil Procedure (HRCP) Rule 72.

The parties submitted briefs to the circuit court. Oral argument was held July 19, 2011. The circuit court then entered numerous pre-judgment orders.

On August 24, 2011, in anticipation of the circuit court judgment, both Castle & Cooke and LUC filed notices of appeal—Castle & Cooke in No. CAAP–11–0000625 and LUC in No. CAAP–11–0000627.

On October 5, 2011, the circuit court entered judgment reversing LUC's October 15, 2010 order.

On October 7, 2011, Castle & Cooke filed another notice of appeal from the October 5, 2011 judgment in No. CAAP–11–0000730. On October 12, 2011, LUC followed suit by filing another notice of appeal from the October 5, 2011 judgment in CAAP–11–0000744.

On November 16, 2011, this court entered an Order of Consolidation in No. CAAP–11–0000625 that consolidated No. CAAP–11–0000625, No. CAAP–11–0000627, No. CAAP–11–0000730, and No. CAAP–11–0000744, under the single appellate court case No. CAAP–11–0000625.

## II.

This case originated from the Petition filed with LUC to reclassify approximately 767.649 acres of land from the Agricultural Land Use District to the Urban Land Use District for Koa Ridge Makai and Wai'awa Project. Prior to LUC's approval of the Petition on an incremental basis, Sierra Club filed a Motion to Disqualify holdover Commissioner Duane Kanuha (Kanuha) on the basis that he failed to obtain Senate confirmation of his appointment to a second term. This motion was denied by LUC. LUC subsequently voted 7–1 to approve the Petition and later voted 6–0 to adopt the Order.

Kanuha voted in favor of both approval of the Petition and adoption of the Order.

Sierra Club appealed the Order to the circuit court on the grounds that Kanuha was disqualified from serving on LUC as a holdover member under HRS § 26–34 (2009 Repl.). In its "Order Summarily Denying Appellees Supplemental Memorandum Re: Jurisdiction for Quo Warranto filed herein on July 29, 2011," the circuit court agreed and ruled that Kanuha was therefore disqualified from voting on the contested boundary amendment, and as a result, the Petition did not receive the necessary six affirmative votes needed to pass.

## III.

This appeal turns on the language of HRS § 26–34, which provides:

§ **26–34 Selection and terms of members of boards and commissions.** (a) The members of each board and commission established by law shall be nominated and, by and with the advice and consent of the senate, appointed by the governor. Unless otherwise provided by this chapter or by law hereafter enacted, the terms of the members shall be for four years; provided that the governor may reduce the terms of those initially appointed so as to provide, as nearly as can be, for the expiration of an equal number of terms at intervals of one year for each board and commission. Unless otherwise provided by law, each term shall commence on July 1 and expire on June 30, except that the terms of the chairpersons of the board of agriculture, the board of land and natural resources, and the Hawaiian homes commission shall commence on January 1 and expire on December 31. *No person shall be appointed consecutively to more than two terms as a member of the same board or commission; provided that membership on any board or commission shall not exceed eight consecutive years.*

(b) *Any member of a board or commission whose term has expired and who is not disqualified for membership under*

*subsection (a) may continue in office as a holdover member until a successor is nominated and appointed;* provided that a holdover member shall not hold office beyond the end of the second regular legislative session following the expiration of the member's term of office.

HRS § 26–34(a),(b) (emphasis added).

■■ We must give effect to the plain language of HRS § 26–34(a):

Statutory interpretation is reviewed *de novo* by [the appellate] court. When construing a statute, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Moreover, it is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning. Instead, our sole duty is to give effect to the statute's plain and obvious meaning.

*Bhakta v. Cnty. of Maui*, 109 Hawai'i 198, 208, 124 P.3d 943, 953 (2005) (internal quotation marks, citations, and brackets in original omitted).

■■ The circuit court erroneously held that the Senate's failure to confirm Kanuha for a second term constituted a disqualification under HRS § 26–34(a). HRS § 26–34(a) is clear that the sole disqualification is that "[n]o person shall be appointed consecutively to more than two terms as a member of the same board or commission; provided that membership on any board or commission shall not exceed eight consecutive years."

Kanuha was not disqualified under HRS § 26–34(a) as he had not been a commissioner appointed consecutively to more than two terms as a member of LUC nor had his membership on LUC exceeded eight consecutive years. Not obtaining Senate consent to a second term did not a disqualify Kanuha from serving as a holdover after the expiration of his first term.[2] This was not a dis-

---

**2.** The Senate's rejection of Kanuha's appointment did not disqualify Kanuha from serving as a

holdover but did prevent him from serving indefinitely given that the Governor would be re-

qualification under the plain language of HRS § 26–34(a). The circuit court erred in holding that Kanuha was not a valid holdover for failure to obtain Senate confirmation for a second term.[3]

## IV.

Therefore, the Final Judgment entered October 5, 2011 in the Circuit Court of the First Circuit is reversed.

quired to make another appointment within a reasonable period of time. *Life of the Land v. Burns,* 59 Haw. 244, 251, 580 P.2d 405, 410 (1978)

3. Because Kanuha was a valid holdover, we need not address LUC's point of error that the circuit court erred in holding six votes were necessary for the ministerial act of approving LUC's decision as to form.