## SUSAN A. ANDERSON *v.* W. G. RAWLEY COMPANY, LIMITED.

### No. 1472.

#### MOTION TO DISMISS WRIT OF ERROR.

ARGUED APRIL 24, 1923.                    DECIDED MAY 8, 1923.

PERRY AND LINDSAY, JJ., AND CIRCUIT JUDGE ANDRADE
IN PLACE OF PETERS, C. J., DISQUALIFIED.

INJUNCTIONS—*performance pending hearing of act complained of—
moot questions.*

When in a suit for an injunction· to restrain the erection of
a building the respondent proceeds with and completes the erec-
tion of the structure pending the hearing, he does so at his own
risk and does not deprive the court of jurisdiction or render the
original issues "moot questions." The fact that a temporary injunc-
tion was not secured by the complainant upon the filing of the
bill does not render this rule inapplicable.

OPINION OF THE COURT BY PERRY, J.

This is a bill in equity wherein the complainant prays
for an injunction to restrain the respondent "from erect-
ing, continuing with the erection of and/or from main-
taining or allowing to remain" upon certain premises
situate on the Waikiki-makai corner of Beretania and
Keeaumoku streets in Honolulu a certain building the
construction of which had been commenced "or any
factory building or building designed for use as an ice-
cream factory or factory for the preparation of dairy
products" or any "building designed for use as a store,
a factory, a dairy, or any of the other purposes designed
in Section 3 of Ordinance 175 of the City and County."
This bill was filed and service thereof and of summons
was made upon the respondent on June 2, 1922. On
June 10, 1922, in pursuance of a written stipulation, an

amended bill was filed which was "to be considered as having been filed on the date of the filing of the original complaint." After answer and replication thereto, trial was had on August 1 to 4, 1922, and on August 9 a decree was filed dismissing the bill. On February 2, 1923, a writ of error was issued bringing to this court for review the decree dismissing the bill.

The respondent moves that the writ of error be dismissed on the ground that the issues raised by these assignments of error are now "moot questions." The reason advanced in support of this motion is that the building, the erection of which is by the bill sought to be enjoined, has been completed.

It is alleged in the original bill that the respondent "is now threatening and commencing to erect" the building complained of. In the amended bill the allegation in this respect is that the respondent "is now commencing to erect the building," that "the erection" of the building "has in fact been started" and that the erection "was started wholly after April 7, 1922," (when Ordinance No. 207 which is referred to in the pleadings took effect). In the answer, which was filed on June 19, 1922, the respondent admits that it "is erecting" the building and that the erection "was commenced after April 7, 1922" and further alleges that on the date of the filing of the suit, to wit, on June 2, 1922, the building was "more than half completed." In the complainant's replication, filed on June 20, it is denied that on June 2 the building was more than half completed and it is alleged that at that time "no more than portions of the foundation of said building had been erected."

The contractor who erected the building testified that the contract for its construction was dated and executed on May 18, 1922, that actual work on the building was commenced on the same day, that on June 2, 1922, (the

date of the commencement of this suit) the excavation for the walls of the building had been completed and forms for concrete had been erected to a height of three feet and six inches above the ground and the concrete had been poured for all of the walls up to that height, that "that was as far as the job was at that time" and that "the building will be finished in two weeks" (this testimony was given on August 2, 1922). He also testified that the expenditures for the construction of the building as far as it had progressed up to and including June 2 were about $4800 and that the contract price for the whole building was $17,500. W. G. Rawley, a witness for the respondent, also testified (on August 4) that "the building will be finished in two weeks * * * it is practically completed now." At the trial there was no evidence at variance with this testimony of these two witnesses.

It appears, therefore, that at the time that the suit was commenced and an injunction prayed for, all that had been done on the building was to make the necessary excavation for the foundation and to pour concrete for the walls up to a height of three feet and six inches and that the construction of the building had so far progressed on August 2 that in the opinion of the contractor and of W. G. Rawley, who was one of the incorporators of the respondent company and one of its principal stockholders and the manager, it would "be finished in two weeks" and, as stated by Rawley (August 4, 1922), "it is practically completed now."

The duty and the inclination of courts, it is clear, are to decide actual controversies only and not "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Murphy* v. *McKay*, 26 Haw. 171, 173, and *Mills* v. *Green*, 159 U. S.

651, 653. It is equally clear, however, that when the event or the circumstances which are claimed to render it impossible for the court, if it should decide the case in favor of the appellant, to grant him any effectual relief are caused by the voluntary act of the appellee, the rule does not apply. There is then no moot question before the court within the proper meaning of that term. It is still, under these circumstances, within the power of the court to grant to the appellant effectual relief, in other words, it is not within the power of the appellee to deprive the court of its jurisdiction which has once attached and which has been properly invoked at a time and under circumstances when relief can be granted. If pending the hearing of a suit for an injunction the respondent performs the act sought to be restrained he does so at his own risk. The mere fact that in such a suit a preliminary injunction is not obtained or asked for does not impair the jurisdiction of the court to grant an injunction after hearing, if the allegations of the bill are sustained and are such as to justify the remedy. "If a defendant, indeed, after notice of the filing of a bill in equity for an injunction to restrain the building of a house, or of a railroad, or of any other structure, persists in completing the building, the court nevertheless is not deprived of the authority, whenever in its opinion justice requires it, to deal with the rights of the parties as they stood at the commencement of the suit, and to compel the defendant to undo what he has wrongfully done since that time, or to answer in damages." *Mills* v. *Green, supra,* 654.

"The defendant, since the filing of this bill, has built a wall in the plaintiffs' passageway, which has been decided to be a violation of their right." (This was a bill for an injunction to restrain the building of a wall.) "* * * The fact that no temporary injunction has

been granted does not affect the kind or the extent of the
remedy to which the plaintiffs are entitled upon estab-
lishing their right at the hearing on the merits. The
defendant having, by the service of process, full notice
of the plaintiffs' claim, went on to build at his own
risk; and  *  *  *  a court of equity  *  *  *  will
compel him to restore the premises, as nearly as may be,
to their original condition." *Tucker* v. *Howard,* 128
Mass. 361, 362, 363.

"The course of the respondent was willful, wrong and
gross fraud towards the appellant, and the injunction
restraining it should have been continued. But it is said,
and indeed conceded, that the road enjoined has been
actually built since the dissolution of the injunction. It
is therefore urged that the injunction will be ineffectual.
It is none the less the duty of this court to reverse the
order dissolving it. And it will be thereupon the duty of
the court below to exercise its authority, as far as it can,
towards repairing the wrong which its error has permit-
ted. 'The consequence may possibly be to stop the rail-
way. I answer that it ought to be stopped, for it passes
where it does by wrong.' Shadwell, V. C., in *Att'y Gen'l* v.
*G. N. Railway Co.,* 4 DeGex & Sma. 75. The construc-
tion of the road pending the appeal was a bold and dan-
gerous risk in disregard of judicial authority. The rail-
road company is a creature of the law, and must be
taught, if need be, that the law is stronger than its crea-
ture; and that the construction of a road in violation of
the law and its duty does not place it beyond the power
of the courts to enforce its good faith and obedience to
the law in the performance of its contracts." *Platteville*
v. *Railroad Co.,* 43 Wis. 493, 506, 507.

"A party filing a bill for an injunction may fail to
procure a preliminary injunction, but any act after the
court has acquired jurisdiction will be subject to the

power of the court to compel a restoration of the status or to enforce such other relief as may be proper." *New Haven Clock Co.* v. *Kochersperger,* 175 Ill. 383, 395.

To the same effect are *Konig* v. *Baltimore,* 126 Md. 606, 627, 628; *Terhune* v. *Railroad,* 36 N. J. Eq. 318, 319; *Green v. Okanogan County,* 111 Pac. (Wash.) 226, 227; and *Graff* v. *Tacoma,* 112 Pac. (Wash.) 250, 251.

The further point is made by the appellee that while the decree appealed from was filed on August 9, 1922, the writ of error was not issued until February 2, 1923, and that the respondent was not required to wait during this period of nearly six months before resuming construction. The argument is without force in view of the undisputed testimony of the contractor and of the manager of the respondent, given on August 2 and 4 at the trial, that the building would be "finished in two weeks" and that it was at that time "practically completed," in other words, construction was continued and substantial completion attained before the rendition of the decree appealed from and cannot be in any wise attributed to the delay of the appellant in suing out her writ of error.

The completion of the building, the event relied upon by the appellee in support of his motion to dismiss, was purely the act of the appellee and cannot, under these principles, render the question moot or deprive the appellant of such relief in this court as she may be otherwise entitled to.

The motion to dismiss the writ of error is denied.

*W. B. Pittman* (also on the brief) for the motion.

B. S. *Ulrich* and *Marguerite K. Ashford* (*Thompson, Cathcart & Ulrich* on the brief) contra.