CREIGHTON WONG, Plaintiff-Appellant, *v.* BOARD OF REGENTS, UNIVERSITY OF HAWAII; FUJIO MATSUDA, President, University of Hawaii; A. L. ELLINGSON, Chairman, Student Conduct Committee, University of Hawaii Manoa Campus; BRUCE ANDERSON, Acting Chairman, Student Conduct Committee, University of Hawaii Manoa Campus, Defendants-Appellees

NO. 6208

AUGUST 21, 1980

RICHARDSON, C.J., OGATA, MENOR, LUM, JJ., AND CIRCUIT JUDGE CHANG IN PLACE OF NAKAMURA, J., RECUSED

OPINION OF THE COURT BY LUM, J.

This appeal stems from a suit brought in the circuit court by appellant Creighton Wong, a student at the Manoa Campus of the University of Hawaii, against appellee University of Hawaii and its officials (hereinafter "University"). The suit sought injunctive and declaratory relief to enjoin the University from imposing disciplinary action against appellant. He claimed that the statement and procedures regulating student conduct which were to be used against him in his disciplinary proceedings were rules within chapter 91, Hawaii Administrative Procedure Act (HAPA), Hawaii Revised Statutes; since they were not published as prescribed by HAPA, he urged the court to declare their invalidity. Instead, the circuit court dismissed appellant's suit and granted summary judgment in favor of the University, holding that the statement and procedures were exempt from the requirements of HAPA because they concern only internal management of the University. This appeal followed and raises these questions: Whether the University is bound by HAPA, and whether the statement and procedures concern only internal management of the University.

For reasons set forth below, we hold that the doctrine of mootness is applicable to the instant appeal; thus, because of our conclusion, the necessity to answer the foregoing questions is obviated.

I.

Disciplinary proceedings against appellant Wong began on September 10, 1975, when he was notified by the University that a complaint had been filed against him alleging that

he had disrupted the normal conduct of University functions and had prevented another student from performing and going about her authorized and educational business. Appellant was then in the senior class.

The University Student Conduct Committee[1] was assigned to conduct the hearing to determine whether appellant did violate sections 2 and 4 of the Statement of Disruption[2] (hereinafter "Statement") of the Community Standards of the University. The Student Conduct Committee Procedures, University of Hawaii, Manoa Campus (hereinafter "Procedures") were to be followed.

Before the hearing began, appellant filed his suit in the circuit court. Appellant and the University then stipulated that the disciplinary hearing would be postponed. Since both sides intended to file motions for summary judgment, the University agreed not to proceed with the hearing until the motions were disposed of by the court.

---

[1] The committee was created in 1969 by the Board of Regents and is composed of staff, faculty and students of the University.

[2] STATEMENT OF DISRUPTION AT THE UNIVERSITY OF HAWAII

Any person, student, faculty, or staff member of the University of Hawaii who shall willfully, with malice, and without authorization,

. . . .

2. Creates noise or other nuisance on or within University premises or facilities sufficient to disrupt the normal conduct of University functions and/or activities, or

. . . .

4. Prevents any student, faculty, or staff member, visitor or guest from performing or going about his authorized instructional, research, administrative, or public service or private business, or from otherwise enjoying the functions, premises or facilities of the University to which such person is entitled,

may be subject to disciplinary action by the appropriate University conduct committee. The maximum sanctions which may be assessed are:
 1. Expulsion of a student.
 2. Dismissal of a faculty or staff member.

Nothing in this policy shall prevent any person from seeking redress through a court of competent jurisdiction.

BOR Approval: 3/25/70

After receiving the circuit court's ruling, appellant filed this appeal. Thereafter, nothing was done by the University to institute the disciplinary proceedings. However, after the appeal was filed, appellant and the University entered into another stipulation. The University agreed to terminate its disciplinary proceedings against appellant and to keep his school record free from any mention of the proceedings or charges. By then appellant had graduated from the University and had never sought admission for graduate work there.

In the meantime during pendency of this appeal, the University had complied with HAPA as to its Statement, but because of the heterogeneity of its different campuses, it left the Procedures to the individual campuses for their formulation.

II.

The mootness doctrine is said to encompass the circumstances that destroy the justiciability of a suit previously suitable for determination. Put another way, the suit must remain alive throughout the course of litigation to the moment of final appellate disposition. Its chief purpose is to assure that the adversary system, once set in operation, remains properly fueled. The doctrine seems appropriate where events subsequent to the judgment of the trial court have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised.

We stated as early as *Castle v. Irwin*, 25 Haw. 786, 792 (1921):

Judicial tribunals sit only for the determination of real controversies between parties who have a legal interest of at least technical sufficiency in the subject-matters embraced in the records of causes pending in courts. Merely abstract or moot questions will not be determined on appeal. . . .

The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot ques-

tions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. *Anderson v. Rawley Co.*, 27 Haw. 150, 152 (1923); *Territory v. Damon*, 44 Haw. 557, 562, 356 P.2d 386, 390 (1960), *cert. denied*, 368 U.S. 838 (1961).

Courts will not consume time deciding abstract propositions of law or moot cases, and have no jurisdiction to do so. *Territory v. Aldridge*, 35 Haw. 565, 567-68 (1940).

Appellant insists that this court should not decide this appeal on the basis of mootness and advances three grounds in his support: (1) that the case involves an issue of public interest; (2) that there is a possibility that the dispute may arise again in the future; and (3) that it is unlikely that the issue would become moot if it is again brought before this court.

We are thus forced to further examine the mootness question in the light of appellant's argument. We first note that historically the objection to deciding moot cases was that the judgment of the court could not be carried into effect, or that relief was impossible to grant. Mootness was then a remedial issue related to the ability of the court to grant prospective relief such as injunction and mandamus.

The advent of the declaratory judgment as a recognized effective remedy and its near universal availability brought about other criteria.

For example, we stated in *Johnston v. Ing*, 50 Haw. 379, 381, 441 P.2d 138, 140 (1968); *cf. Alfapada v. Richardson*, 58 Haw. 276, 567 P.2d 1239 (1977):

There is a well settled exception to the rule that appellate courts will not consider moot questions. When the question involved affects the public interest, and it is likely in the nature of things that similar questions arising in the future would likewise become moot before a needed authoritative determination by an appellate court can be made, the exception is invoked.

"Among the criteria considered in determining the existence of the requisite degree of public interest are the public or private nature of the question pre-

sented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question."

In *Life of the Land v. Burns*, 59 Haw. 244, 251, 580 P.2d 405, 409-10 (1978), we went further and stated:

There is an exception to this precept, however, that occurs in cases involving a legal issue which is capable of repetition, yet evading review. The phrase, "capable of repetition, yet evading review," means that a court will not dismiss a case on the grounds of mootness where a challenged governmental action would evade full review because the passage of time would prevent any single plaintiff from remaining subject to the restriction complained of for the period necessary to complete the lawsuit.

Appellant did not cast his suit as a class action;[3] the only remedy he sought was an injunction to halt the student hearing against him and a judgment to declare that the Statement was in violation of HAPA. Obviously, the injunctive request is no longer viable since by stipulation the University has abandoned its intention to discipline appellant and has further agreed that no mention of the charges would be included in his school record; appellant has graduated from the University and is no longer a student there.

The request for a declaratory judgment by appellant likewise is no longer viable. Appellant sought a judgment to have the Statement comply with HAPA. The University has done just that. The Statement, since the appeal, has complied with HAPA. In effect, there is nothing left to grant appellant. The controversy between the parties has thus clearly ceased to be "definite and concrete" and no longer "touches the legal relations of parties having adverse legal interest."*Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 240-41 (1937).

We fail to see where the question presented by this appeal would likely repeat itself, *Johnston v. Ing, supra; Alfapada v.*

---

[3] Appellant attempted to amend his complaint so as to make it a class action. His motion to amend was denied.

*Richardson, supra; United States v. Grant Co.*, 345 U.S. 629, 633 (1953), or is "capable of repetition, yet evading review." *Life of the Land v. Burns, supra; Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911).

Accordingly, we conclude that this appeal has been mooted. This case is therefore remanded to the circuit court with direction to dismiss this appeal.

*Paul Alston (Shelby Anne Floyd* with him on the briefs), Legal Aid Society of Hawaii, for plaintiff-appellant.

*Cynthia Winegar (Donn G. Kessler* on the brief), Deputy Attorneys General, for defendants-appellees.