IN THE MATTER OF THE APPLICATION OF J.T. THOMAS FOR A WRIT OF QUO WARRANTO AGAINST "ACTING" AS HEAD OF THE DEPARTMENT OF CORPORATION COUNSEL OF MAUI, **GUY HAYWOOD, CYRUS CHAN, ROBERT KEKUNA, JEFF KUWADA, HOWARD FUKUSHIMA,** AND **GARY ZAKIAN** ACTING AND USURPING AS "DEPUTIES" OF THE DEPARTMENT OF CORPORATION COUNSEL, COUNTY OF MAUI

NO. 15565

(S.P. NO. 91–0053(2))

JUNE 2, 1992

LUM, C.J., WAKATSUKI, MOON, KLEIN, AND LEVINSON, JJ.

224

## OPINION OF THE COURT BY WAKATSUKI, J.

Petitioner–Appellant J.T. Thomas (Appellant) appeals from the order dismissing his amended petition in quo warranto on the ground of mootness. Appellant contends that the circuit court erroneously denied his petition as moot because Hawaii Revised Statutes (HRS) Chapter 659 authorizes a judge to make a determination that Respondent–Appellees Guy Haywood, Guy Archer, John Breen, Cyrus Chan, Robert Kekuna, Jeff Kuwada, Howard Fukushima, and Gary Zakian of the Department of Corporation Counsel of Maui (Appellees) merely were de facto in government positions and not legal title holders; that such a determination would provide future guidance for public officers and discourage repetition of future wrongful conduct; that the matter is of public interest and is capable of repetition and likely to evade review; and the amended petition for quo warranto relates back to the original petition for quo warranto action.

We affirm.

### I.

On July 5, 1991, Appellant filed an amended petition for a writ of quo warranto against Appellees claiming that Appellees were usurping their positions as "acting" corporation counsel and

"deputies" for the County of Maui, Corporation Counsel's Department.[1] Appellant alleged that Appellees had unlawfully usurped their respective offices because the Maui County Charter does not provide for the appointment of an acting corporation counsel when the individual's nomination has been rejected for confirmation by the County Council. Appellant contended that Mayor Lingle ignored this Charter provision by retaining Appellee Cyrus Chan in the capacity of "acting" corporation counsel despite the fact that his nomination was rejected by the County Council. Appellant claimed that the Maui County Charter mandates County Council confirmation of any mayoral appointment of the corporation counsel and, in turn, only a properly confirmed corporation counsel could appoint deputies.

Subsequently, Appellee Guy Haywood was duly appointed and confirmed as corporation counsel of the County of Maui. In addition, Appellees Guy Archer, John Breen, Cyrus Chan, Robert Kekuna, Jeff Kuwada, Howard Fukushima, and Gary Zakian were duly appointed deputies corporation counsel of the County.

At the hearing on the petition, Appellant conceded that the corporation counsel and deputies had since been duly appointed and confirmed. Appellant, however, sought a declaration that the corporation counsel and deputies were not legally holding title to their respective positions during the period from January 2, 1991 to July 5, 1991. The circuit court dismissed Appellant's petition for mootness.

## II.

It is well-settled that the mootness doctrine encompasses the circumstances that destroy the justiciability of a case previously

---

[1] Appellant filed the original petition on May 30, 1991. On July 2, 1991 (No. 15379), this court dismissed Appellant's petition for writ of mandamus seeking to require Judge Komo to issue the writ of quo warranto. The petition was dismissed without prejudice to the filing of a properly sworn petition.

suitable for determination. A case is moot where the question to be determined is abstract and does not rest on existing facts or rights. Thus, the mootness doctrine is properly invoked where "events . . . have so affected the relations between the parties that the two conditions for justiciability relevant on appeal — adverse interest and effective remedy — have been compromised." *Wong v. Board of Regents, University of Hawaii*, 62 Haw. 391, 394, 616 P.2d 201, 203–04 (1980).

As early as *Castle v. Irwin*, 25 Haw. 786, 792 (1921), this court stated:

> Judicial tribunals sit only for the determination of real controversies between parties who have a legal interest of at least technical sufficiency in the subject–matters embraced in the records of causes pending in courts. Merely abstract or moot questions will not be determined on appeal[.]

Moreover, "[t]he duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Wong*, 62 Haw. at 395, 616 P.2d at 204. Thus, courts will not consume time deciding abstract propositions of law or moot cases, and have no jurisdiction to do so. *Id.*

There is an exception to this precept, however, that occurs in cases involving a legal issue which is capable of repetition, yet evading review. The phrase, "capable of repetition, yet evading review." means that "a court will not dismiss a case on the grounds of mootness where a challenged governmental action would evade full review because the passage of time would prevent any single plaintiff from remaining subject to the restriction complained of for the period necessary to complete the lawsuit." *Life of the Land*

*v. Burns,* 59 Haw. 244, 251, 580 P.2d 405, 409–10 (1978); *see also Johnston v. Ing,* 50 Haw. 379, 381, 441 P.2d 138, 140 (1968).

Based on these principles, it is clear that the present case is no longer viable as Appellant seeks declaratory relief in quo warranto for past events. At the hearing on Appellant's petition, Appellant himself conceded that the corporation counsel and his deputies had since been duly appointed and confirmed.

Appellant, however, contends that the present case involves an issue of public interest which is capable of repetition yet evading review. We disagree and conclude that the exception to the mootness rule is not applicable in the instant case. We fail to see where the question presented by this appeal would likely repeat itself and evade judicial review. The instant quo warranto action arose out of a unique factual situation where the Maui County Council rejected the mayor's nomination of Appellee Cyrus Chan as corporation counsel. The mayor then retained Chan in the capacity of acting corporation counsel, thereby causing a delay in the confirmation process.

There is " 'no reasonable expectation . . . ' that the alleged violation will recur," since Appellees must adhere to the governing Maui County Charter. *Los Angeles County v. Davis,* 440 U.S. 625, 631 (1979); *see also Life of the Land,* 59 Haw. at 252, 580 P.2d at 410 ("appellees failed to show that the subject complained of could 'reasonably be expected to recur' "). The Maui County Charter is the source from which all powers of the County are derived and its authorization of power is to be strictly construed. Section 8–2.2 of the Charter mandates that "[t]he corporation counsel *shall* be appointed by the mayor with the approval of the council[.]" (Emphasis added). The term "shall" indicates that the corporation counsel can serve only upon joint action by the mayor and the council. Therefore, since the very existence of the corporation counsel is necessarily the joint responsibility of the mayor and County Council, the County Council is privileged to inquire of the

mayor's office about the retention of a corporation counsel whose nomination has been rejected. We believe that the County Council would be quick to expose the mayor where she engages in tactics which would unduly delay the appointment and confirmation process of the corporation counsel.

Moreover, the circumstances under which this situation may recur are too conjectural for appellate review. There is no evidence that the appointment of "acting" corporation counsels is a recurring problem that should presently be addressed by this court.

Therefore, because the issue was moot and the subject complained of is not reasonably likely to recur, we agree with the trial court's decision that it lacked jurisdiction to issue a writ of quo warranto, and conclude that the court properly dismissed the amended petition. Appellant's other contentions are without merit.

Appellees' request for reasonable costs and attorneys' fees is denied.

Affirmed.

*J. T. Thomas*, petitioner–appellant.

*Guy P. D. Archer* (*Guy A. Haywood* with him on the brief), Deputies Corporation Counsel, for appellees.