**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000040**
**14-MAY-2021**
**08:32 AM**
**Dkt. 64 SO**

NO. CAAP-20-0000040


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


IN THE MATTER OF QH
(FC-S NO. 19-00164)

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT


<u>SUMMARY DISPOSITION ORDER</u>
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Appellant Father (**Father**) appeals from the Orders Concerning Child Protective Act, filed on January 10, 2020, in the Family Court of the First Circuit (**Family Court**).[1]

On appeal, Father challenges Findings of Fact (**FOF**) Nos. 47, 50, 51, 52, 53, 57, 58, and 59, but does not provide a specific argument as to each finding of fact.[2]  Instead, Father

---

[1]  The Honorable John C. Bryant, Jr. presided.

[2]  The Family Court's findings that Father purports to challenge are as follows:

> 47.   Dr. Hallett credibly testified that there is no underlying medical condition that would or should preclude the Child from receiving the standard, age-appropriate vaccines.
>
> . . .
>
> 50.   Any medical procedure carries a risk of harm, however the court adopts Dr. Hallett's credible opinion that the benefits of standard, age-appropriate vaccines outweigh any potential risks.
>
> 51.   The over-riding consideration of the Court is the Child's best interest and receiving the standard, age-
> (continued...)

argues generally that the Family Court erred by ordering his child, Q.H., who is in foster custody, to receive immunizations without his consent.

Appellee Guardian Ad Litem for Q.H. (**Guardian Ad Litem**) asserts, as a threshold matter, that this appeal is moot because the immunizations for Q.H. ordered by the Family Court have already occurred. The Guardian Ad Litem further argues that, should we reach the merits, the Family Court properly entered the order for Q.H. to be immunized.

Appellee State of Hawaiʻi, Department of Human Services (**DHS**) contends that the Family Court properly entered the order for Q.H. to receive the specified immunizations.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Father's point of error as follows, and we affirm the Family Court.

We first address the Guardian Ad Litem's assertion that

---

[2](...continued)
appropriate vaccines is in the Child's best interest and also in the interest of the community at large.

52. It is in the Child's best interest to enjoy the long-term health benefits that accrue from receiving vaccinations.

53. Dr. Hallett was a credible witness, and the Court accepts her testimony in whole.

. . .

57. Father did not adduce any credible evidence that the Child's health would be endangered by the vaccinations sought to be administered.

58. The testimony by Father, while sincere, was not credible as it pertained to vaccinations.

59. Notwithstanding Father's objection to an order requiring the DHS to provide its consent to vaccinate the Child, and even though the DHS stated that it defers to Father's position, the Court ordered the DHS to provide its consent for the standard, age-appropriate vaccines as credibly testified to by Dr. Hallett, to wit, DTaP; Hep B; IPV; HiB; PVC and Influenza.

this appeal is moot.  We conclude that the "capable of repetition, yet evading review" exception to mootness (**CRER exception**) applies in this appeal.  As set forth by the Hawaiʻi Supreme Court:

> The phrase, "capable of repetition, yet evading review," means that "a court will not dismiss a case on the grounds of mootness where a challenged governmental action would evade full review because the passage of time would prevent any single plaintiff from remaining subject to the restriction complained of for the period necessary to complete the lawsuit."

Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 5, 193 P.3d 839, 843 (2008) (quoting In re Thomas, 73 Haw. 223, 226–27, 832 P.2d 253, 255 (1992)).  Given that the issue on appeal deals with the authority of the Family Court to order age-appropriate vaccinations to Q.H., there is a reasonable expectation that this factual situation would recur as Q.H. ages, so long as Q.H. remains in foster custody.  See generally id. at 6, 193 P.3d at 844.  Q.H. was born in July 2019, and was a newborn when taken into the custody of DHS and then entered into foster custody. There is nothing in the record to indicate that Q.H. is no longer in foster custody.

With regard to the merits of Father's appeal, "[g]enerally, the family court possesses wide discretion in making its decisions and those decision[s] will not be set aside unless there is a manifest abuse of discretion."  Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006).  Further, on appeal, the Family Court's findings of fact are reviewed under the clearly erroneous standard, while the Family Court's conclusions of law are reviewed de novo.  Id.

Father cites to Hawaii Revised Statutes (**HRS**) § 325-34(Supp. 2020)[3] and claims the State recognizes his right to not

---

[3]  HRS § 325-34 states:

> **§325-34  Exemptions**.  Section 325-32 shall be construed not to require the vaccination or immunization of
> (continued...)

3

have his child vaccinated.  Specifically, Father argues that
HRS § 324-35 provides a religious exemption for children who do
not receive vaccinations to attend public school, and that there
is no law mandating vaccination of all children.

After DHS was granted foster custody of Q.H., which is
not in dispute, DHS had the right and duty to provide consent to
ordinary medical care.  HRS § 587A-15(b)(5) (2018).[4]  Under

---

[3](...continued)
any person for three months after a duly licensed physician,
physician assistant, advanced practice registered nurse, or
an authorized representative of the department of health has
signed two copies of a certificate stating the name and
address of the person and that because of a stated cause the
health of the person would be endangered by the vaccination
or immunization, and has forwarded the original copy of the
certificate to the person or, if the person is a minor or
under guardianship, to the person's parent or guardian, and
has forwarded the duplicate copy of the certificate to the
department for its files.
No person shall be subjected to vaccination,
revaccination or immunization, who shall in writing object
thereto on the grounds that the requirements are not in
accordance with the religious tenets of an established
church of which the person is a member or adherent, or, if
the person is a minor or under guardianship, whose parent or
guardian shall in writing object thereto on such grounds,
but no objection shall be recognized when, in the opinion of
the director of health, there is danger of an epidemic from
any communicable disease.

[4]  HRS § 587A-15(b) states in relevant part:

**[§ 587A-15]. Duties, rights, and liability of
authorized agencies**.

. . .

(b)   If an authorized agency has foster custody it
has the following duties and rights:

. . .

(5)   Providing required consents for the
child's physical or psychological health
or welfare, including ordinary medical,
dental, psychiatric, psychological,
educational, employment, recreational, or
social needs[.]

. . .

The court, in its discretion, may vest foster custody
of a child in any authorized agency or subsequently
authorized agencies, if the court finds that it is in the
(continued...)

HRS § 587A-15(c)(2), Father only retained the right to consent, or withhold consent, for major medical care or treatment while Q.H. was in foster custody.  "The rights and duties that are so assumed by an authorized agency shall supersede the rights and duties of any legal or permanent custodian of the child." HRS § 587A-15(b).  Father does not challenge Conclusion of Law Nos. 8 and 9 which held DHS had the authority to consent to vaccinations for children in foster custody and had the duty and right to provide consent for ordinary medical care, which included age-appropriate vaccinations, pursuant to HRS § 587A-15(b)(5).  Because the Family Court determined age-appropriate vaccinations constituted ordinary care, DHS was required to consent to age-appropriate vaccinations.  Although Father challenges Finding of Fact No. 59, he provides no argument why the DTaP, Hep B, IPV, HiB, PVC, and Influenza vaccines are not age-appropriate for Q.H.

Furthermore, Father's reliance upon HRS § 325-34 is misplaced because it is inapplicable.  Father specifically relies upon the second paragraph of HRS § 325-34 which, in the context of Department of Health rules governing immunizations under HRS  § 325-32, provides that a minor is not subject to vaccination if the minor's parent objects on grounds it is not in

---

[4](...continued)
child's best interests to do so.  <u>The rights and duties that are so assumed by an authorized agency shall supersede the rights and duties of any legal or permanent custodian of the child</u>.

    (c)  Unless otherwise provided in this section or as otherwise ordered by the court, <u>a child's family shall retain the following rights and responsibilities after a transfer of temporary foster custody or foster custody</u>, to the extent that the family possessed the rights and responsibilities prior to the transfer of temporary foster custody or foster custody:

    . . .

    (2)  The right to consent to adoption, to marriage, or to <u>major medical</u> or psychological <u>care or treatment</u>[.]

(Emphases added).

accordance with religious tenets of an established church of which the person is a member or adherent. However, Father did not object on religious grounds to Q.H. being vaccinated. His objection was based on his contention that the risks associated with the vaccines outweighed the benefits of receiving them. HRS § 325-34 also is inapplicable to this case because the Family Court's order that DHS consent to immunize Q.H. was not because the vaccines were mandated by the Department of Health under HRS § 325-32. Rather, the Family Court based its decision on the best interest of Q.H. given the testimony by Dr. K. Brooke Hallett in this case, which the Family Court found credible.

Given the record in this case, the Family Court did not clearly err in its findings and did not abuse its discretion in ordering the specified age-appropriate vaccines for Q.H.

Therefore, IT IS HEREBY ORDERED that the Orders Concerning Child Protective Act, filed on January 10, 2020, and the Findings of Fact and Conclusions of Law, filed on February 20, 2020, in the Family Court of the First Circuit, are affirmed.

DATED: Honolulu, Hawai'i, May 14, 2021.

On the briefs:

Herbert Y. Hamada,
for Father-Appellant.

Abigail S. Dunn Apana,
Julio Cesar Herrera,
Deputy Attorneys General,
for Petitioner-Appellee.

Michelle K. Moorhead,
Guardian Ad Litem.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge