**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000680**
**31-MAY-2022**
**09:09 AM**
**Dkt. 77 SO**

NOS. CAAP-18-0000680 & CAAP-18-0000718

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KAPUAOHEOHEONOLANIEHIKU P. HARRELL, Defendant-Appellant

APPEALS FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-17-0000353)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Wadsworth, JJ.)

Defendant-Appellant Kapuaoheoheonolaniehiku P. Harrell (**Harrell**) appeals from the following orders entered on August 16, 2018, in the Circuit Court of the Second Circuit (**Circuit Court**)[1]: (1) the "Court's Findings of Fact, Conclusions of Law, and Order Granting Motion to Dismiss Count One of Indictment Filed May 23, 2017, for Prosecutorial Misconduct Before Grand Jury, Filed on July 27, 2018"; and (2) the "Findings of Fact, Conclusions of Law, and Order Denying Motion to Dismiss Count One of Indictment Filed May 23, 2017, for Violation of Speedy Trial Rights, Filed July 26, 2018" (collectively, the **August 16, 2018 Orders**).

In granting Harrell's motion to dismiss for prosecutorial misconduct, the Circuit Court dismissed Count One of the Indictment – for Robbery in the First Degree, in violation

---

[1] The Honorable Peter T. Cahill presided. On March 25, 2019, this court entered an order granting Harrell's motion to consolidate appellate case numbers CAAP-18-0000680 and CAAP-18-0000718, which were consolidated under case number CAAP-18-0000680. We refer to these consolidated appeals in the singular as "appeal."

of Hawaii Revised Statutes § 708-840(1)(b)(i) and/or (ii) – without prejudice.[2]  On August 31, 2018, the court entered an amended order also stating that "if the State does not re-charge Count One by November 2, 2018, the dismissal shall be <u>with</u> prejudice."

In his opening brief on appeal, Harrell contended that the Circuit Court erred and/or abused its discretion:  (1) in dismissing Count One without prejudice rather than with prejudice; and (2) in denying Harrell's motion to dismiss Count One based on alleged violations of Hawaiʻi Rules of Penal Procedure Rule 48 and Harrell's constitutional right to a speedy trial.  However, after briefing was completed, on March 31, 2021, Harrell filed a motion to dismiss this appeal pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rules 27 and 42(c).[3]  Harrell's motion asserted that the State had re-indicted him on September 24, 2018, in Criminal No. 2CPC-18-0000713, and Harrell had "pled to the underlying charges as part of a plea agreement which requires that [Harrell] dismiss his pending appeal in consideration of the agreed upon plea agreement."  Harrell's counsel submitted a supporting declaration, which confirmed the above facts, attached copies of the plea agreement and subsequent judgment, and also stated:  "Declarant believes that the appeals are now moot because the change of plea was not part of a conditional plea subject to the right to appeal as part of the plea agreement."  However, no declaration by Harrell was submitted in support of the motion to dismiss.

---

[2]    On May 23, 2017, Plaintiff-Appellee State of Hawaiʻi (**State**) filed a five-count indictment against Harrell in Criminal No. 2CPC-17-0000353.  On March 8, 2018, Counts Two through Five were dismissed without prejudice following the State's motion to dismiss.  Only Count One is at issue in this appeal.

[3]    HRAP Rule 42(c) provides:

> **Special Requirements for Criminal Appeals.** In a criminal appeal by a defendant, the stipulation or motion for dismissal of the appeal shall be supported by the defendant's affidavit or declaration that reflects a knowing and intelligent understanding of the consequences of the dismissal of the appeal and that the withdrawal is made voluntarily. In circumstances where the defendant cannot be located after a diligent effort, the circumstances of the effort shall be set forth in an affidavit or declaration of counsel in support of the stipulation or motion.

On April 8, 2021, the State filed a statement of no opposition to Harrell's motion to dismiss.

On April 15, 2021, this court entered an order denying Harrell's motion to dismiss without prejudice. We concluded that the motion to dismiss did not comply with HRAP Rule 42(c) "in that it [was] not supported by 'the defendant's affidavit or declaration that reflects a knowing and intelligent understanding of the consequences of the dismissal of the appeal[s] and that the withdrawal is made voluntarily.'" Thus, the motion was denied "without prejudice to a subsequent motion that complies with HRAP Rule 42(c)." To date, however, Harrell has not filed a subsequent motion.

Accordingly, we must now determine whether Harrell's appeal is moot. After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we conclude that the appeal is moot and must be dismissed for lack of appellate jurisdiction.

"In general, 'this court does not have jurisdiction to decide abstract propositions of law or moot cases.'" State v. Nakanelua, 134 Hawaiʻi 489, 501, 345 P.3d 155, 167 (2015) (brackets omitted) (quoting Lathrop v. Sakatani, 111 Hawaiʻi 307, 312, 141 P.3d 480, 485 (2006)). "[A] case is moot if the reviewing court can no longer grant effective relief." Kahoʻohanohano v. State, 114 Hawaiʻi 302, 332, 162 P.3d 696, 726 (2007) (emphasis omitted) (quoting Kemp v. State of Hawaiʻi Child Support Enforcement Agency, 111 Hawaiʻi 367, 385, 141 P.3d 1014, 1032 (2006)). "[M]ootness is an issue of subject matter jurisdiction[,]" Hamilton ex rel. Lethem v. Lethem, 119 Hawaiʻi 1, 4, 193 P.3d 839, 842 (2008), and we must raise the issue *sua sponte*, Kapuwai v. City & Cty. of Honolulu, 121 Hawaiʻi 33, 40, 211 P.3d 750, 757 (2009) (concluding that "if the parties do not raise the issue of a lack of subject matter jurisdiction, a court *sua sponte* will.") (brackets omitted) (quoting Tamashiro v. Dep't of Human Servs., State of Hawaiʻi, 112 Hawaiʻi 388, 398, 146 P.3d 103, 113 (2006)).

Harrell's appeal is moot because we can no longer provide effective relief. Harrell was seeking "revers[al" of the August 16, 2018 Orders and dismissal of Count One with prejudice. However, Harrell subsequently entered into a plea agreement with the State under which, *inter alia*, he pled no contest to the same Robbery-in-the-First-Degree charge, albeit re-filed under a new criminal case number, that is the subject of this appeal. As a result, on October 20, 2020, the Circuit Court entered, *inter alia*, a judgment of conviction on Count One in Criminal No. 2CPC-18-0000713. It appears that Harrell did not appeal from that judgment.[4/]

Harrell's no contest plea – which was not conditional – and his final judgment of conviction on the underlying charge "have so affected the relations between the parties" that at least one of "the two conditions for justiciability relevant on appeal — . . . effective remedy — ha[s] been compromised." Lathrop, 111 Hawaiʻi at 313, 141 P.3d at 486 (quoting Wong v. Bd. of Regents, Univ. Of Hawaiʻi, 62 Haw. 391, 394, 616 P.2d 201, 203-04 (1980)); see also State v. Morin, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990) ("Generally, a guilty [or no contest] plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims, including constitutional challenges to the pretrial proceedings." (citing Brady v. United States, 397 U.S. 742 (1970); Tollett v. Henderson, 411 U.S. 258 (1973); 1 C. Wright, Federal Practice & Procedure § 175 (1982))); cf. State v. Hanaoka, 97 Hawaiʻi 17, 19, 32 P.3d 663, 665 (2001) ("A conditional plea is an exception to the general rule precluding nonjurisdictional appeals after a guilty or a no contest plea." (quoting State v. Kealaiki, 95 Hawaiʻi 309, 314, 22 P.3d 588, 593 (2001))).

Accordingly, it is apparent from the record that we can no longer grant Harrell effective relief. This appeal is therefore moot and must be dismissed for lack of appellate jurisdiction.

---

[4/] We take judicial notice of the docket entries and documents filed in Criminal No. 2CPC-18-0000713. See State v. Kapalski, No, CAAP-17-0000130, 2019 WL 2417753, at *1 (Haw. App. June 10, 2019) (SDO).

4

Based on the forgoing, this appeal is dismissed.

The State's Motion for Temporary Stay, filed on May 24, 2022, is denied as moot.

DATED:  Honolulu, Hawaiʻi, May 31, 2022.


On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

Richard B. Rost,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge