**E-FILED**
**CNMI SUPREME COURT**
E-filed: Oct 31 2023 10:23AM
Clerk Review: Oct 31 2023 10:23AM
Filing ID: 71236231
Case No.: 2022-SCC-0007-CIV
NoraV Borja





IN THE

# Supreme Court

OF THE

# Commonwealth of the Northern Mariana Islands

RALPH DLG. TORRES, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE COMMONWEALTH, AND THE OFFICE OF THE GOVERNOR,
*Plaintiffs-Appellants,*

*v.*

HOUSE STANDING COMMITTEE ON JUDICIARY & GOVERNMENTAL OPERATIONS, 22ND NORTHERN MARIANAS COMMONWEALTH LEGISLATURE,
*Defendant-Appellee.*

**Supreme Court No. 2022-SCC-0007-CIV**

---

## ORDER DISMISSING APPEAL

**Cite as: 2023 MP 10**

Decided October 31, 2023

---

JUSTICE PRO TEMPORE F. PHILIP CARBULLIDO
JUSTICE PRO TEMPORE ROBERT J. TORRES, JR.
JUSTICE PRO TEMPORE ARTHUR R. BARCINAS

---

Superior Court Civil Action No. 21-0333-CV
Judge Pro Tempore Timothy H. Bellas, Presiding

---

CARBULLIDO, J.:

¶ 1    Plaintiffs-Appellants former Governor Ralph DLG. Torres and the Office of the Governor (collectively, "the Governor") appeal a Superior Court Order dismissing this case pursuant to Rule 12(b)(6) of the NMI Rules of Civil Procedure. For the following reasons, we DISMISS the appeal.

## I. FACTS AND PROCEDURAL HISTORY

¶ 2    On December 4, 2021, the House Standing Committee on Judiciary & Governmental Operations of the 22nd Northern Marianas Commonwealth Legislature ("the Committee") served the Governor with a subpoena. The subpoena "commanded" the Governor to appear before it during a scheduled Committee proceeding to testify on "government expenditures and related matters" and stated that failure to appear may subject Governor Torres to contempt pursuant to 1 CMC §§ 1306, 1307. App. at 35. Governor Torres did not appear to testify on the designated date, and the Committee voted to hold him in contempt. Subsequently, the Governor sued the Committee in the Commonwealth Superior Court, seeking a declaration that the subpoena violated Commonwealth law and that its enforcement would violate the NMI Constitution.

¶ 3    The Committee filed a Motion to Dismiss under Rule 12(b)(6) of the NMI Rules of Civil Procedure, arguing that the legislative immunity provided by the NMI Constitution should operate as an absolute bar to the Governor's lawsuit. Appellee's Br. at 15. The Superior Court agreed with the Committee and dismissed the case with prejudice. [1] The Governor now appeals that determination.

## II. JURISDICTION

¶ 4    We have appellate jurisdiction over final judgments and orders of the Commonwealth Superior Court. NMI CONST. art. IV, § 3. The Court lacks jurisdiction to decide cases that are moot. *Govendo v. Micronesian Garment Mfg., Inc.*, 2 NMI 272, 281 (1991).

## III. DISCUSSION

¶ 5    We must first decide whether it would be prudent to assert jurisdiction. This Court has a duty to "decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions . . . or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Govendo*, 2 NMI at 281 (quoting *Wong v. Bd. of Regents, Univ. of Haw.*, 616 P.2d 201, 204 (Haw. 1980)).

---

[1]    "Dismissal with prejudice . . . precludes later relitiga[tion of] the same claims." *DPL v. Blas*, 2023 MP 7 ¶ 26 (*quoting Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020)).

¶ 6    Mootness occurs when events following the filing of a suit or appeal eliminate the actual controversy between the parties of the original dispute. *See Oriental Crystal Ltd. v. Lone Star Casino Corp.*, 5 NMI 122, 123 (1997) (noting events that this Court has held to have mooted cases on appeal). The central question in a mootness analysis is whether changes in circumstance since the start of litigation have forestalled any meaningful relief by the Court. *West v. Sec'y of Dep't of Transp.*, 206 F.3d 920, 925 n.4 (9th Cir. 2000) (quotation omitted).

¶ 7    On January 5, 2023, the 22nd Session of the NMI House of Representatives adjourned *sine die*. The following Monday, the 23rd Session of the NMI House of Representatives was sworn in and began holding session. We take judicial notice of these facts.[2]

¶ 8    This case has been rendered moot by the adjournment of the 22nd Session of the NMI House of Representatives. The NMI House of Representatives is not expressly provided with any power to continue conducting business after the adjournment of a term.[3] The Constitution specifies that the members of the Legislature form "a continuous body" only for two years beginning the second Monday of January after a regular general election. NMI CONST. art. II, § 13; *Mafnas v. Inos*, 1 NMI 101, 106 (1990) ("[T]he Commonwealth Legislature is not continuous indefinitely but is a continuous body only for two years, after which it is adjourned *sine die* and replaced by a new legislature.").[4]

¶ 9    Additionally, all representatives hold office for a term of two years. NMI CONST. art. II, § 3(a); 1 CMC § 1103(b). At the start of each Legislature, the House must "[c]hoose its presiding officer from among its members, establish the committees necessary for the conduct of its business, and promulgate rules of procedure." 1 CMC § 1104(b). The NMI House of Representatives must essentially reestablish itself biannually to initiate any business. The 22nd Legislature, as a legal entity, ceased to exist in January 2023 and was overwritten

---

2    Under NMI Rule of Evidence 201, the Court may judicially note "a fact that is not subject to reasonable dispute" because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." NMI R. EVID. 201(b)(2). This Court has also previously taken judicial notice of the termination of prior Commonwealth Legislatures. *See Sablan v. Tenorio*, 4 NMI 351, 363 (1996) ("The Court takes judicial notice of the fact that during the pendency of this appeal, the Ninth Commonwealth Legislature ceased to exist . . . .").

3    Generally, pending matters before legislative bodies expire when the legislature's term expires. *See In re Status of Certain Tenth Legislature Bills*, 5 NMI 155, 157 (1998) ("All bills which were pending in the Tenth Legislature died after final adjournment.") (internal quotation marks omitted) (emphasis removed).

4    In contrast, a continuing body, such as the United States Senate, may "continue its committees through the recess following the expiration" of a session. *McGrain v. Daughtery*, 273 U.S. 135, 181 (1927) (internal quotation marks omitted).

wholesale by the 23rd Legislature. *See Mafnas*, 1 NMI at 106; *Sablan*, 4 NMI at 356 n.10.

¶ 10    The Committee of the 22nd House was established under the Rules of the NMI House of Representatives adopted at the initiation of the 22nd Legislature. *See* H. R. Res. 22-01, 22nd Leg., 1st Reg. Sess. (N. Mar. I. 2021), App. A at Rule VII, § 1 and Rule VIII, § 4 (creating the House Standing Committee on Judiciary and Governmental Operations). The Committee cannot continue as a legal entity beyond the termination of the authorizing Legislature. *See In re Status of Certain Tenth Legislature Bills, supra* at ¶ 8 n.3; *see also Swing v. Riley*, 90 P.2d 313, 316 (Cal. 1939) ("The power to investigate by committees is subsidiary to the legislative power. When the main power ceases, the auxiliary power dies with it."). Following the termination of the 22nd House and establishment of the 23rd House, the Committee of the 23rd House of Representatives is a distinct entity governed by separate Rules and comprised of new members. The Committee of the 22nd House—the defendant-appellee—no longer exists.

¶ 11    Of note, this case is also moot because former Governor Torres left office in January 2023. This appeal was brought jointly by former Governor Torres in his official capacity as Governor and the Office of the Governor. While the Office continues under the direction of a newly elected Governor, former Governor Torres no longer has authority to act in any official capacity and he is not named as a plaintiff-appellant in his personal capacity.

¶ 12    As both issues on appeal stem from the applicability of legislative immunity for a legislature that no longer exists against a Governor who has left office, no actual controversy exists. Absent a live controversy between adversary parties, this Court has discretion to not declare any rule of law or reach the merits of the appeal. *Govendo*, 2 NMI at 281. We exercise this discretion and decline to review this case.

¶ 13    We acknowledge the existence of an exception to the mootness doctrine for issues that are capable of repetition yet evading review. *See In re Commonwealth*, 2022 MP 5 ¶ 9. Nonetheless, we opt not to invoke this exception in the present case. Though the matter at hand may bear significant public importance, the circumstances that gave rise to this controversy—specifically, the tenures of former Governor Torres and the 22nd Session of the NMI House of Representatives—have both concluded. This change in circumstance significantly diminishes the likelihood of this particular issue recurring in the same manner and then evading appellate review again. As previously asserted in *Govendo*, we believe that "judicial power to resolve public disputes in a system of government where there is a separation of powers should be limited to those questions capable of resolution and presented in an adversary context." 2 NMI at 281 n.12 (quoting *Life of the Land v. Land Use Comm'n*, 623 P.2d 431, 438 (Haw. 1981)). Given the absence of a continuing actual controversy, we are hesitant to engage with such a consequential matter of separation of powers without a clear adversary context.

### IV. Conclusion

¶ 14    Our conclusion that this appeal is moot does not approve or disapprove of the decision by the Superior Court to dismiss the suit below under Rule 12(b)(6). As noted by the United States Supreme Court:

> [M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.
> *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

For the foregoing reasons, we DISMISS the appeal.

SO ORDERED this 31st day of October, 2023.


  /s/
F. PHILIP CARBULLIDO
Justice Pro Tempore


  /s/
ROBERT J. TORRES, JR.
Justice Pro Tempore


  /s/
ARTHUR R. BARCINAS
Justice Pro Tempore

COUNSEL

Joseph E. Horey, Richard C. Miller, Saipan, MP, Gilbert J. Birnbrich, Office of the Governor, and Ross H. Garber, Washington, DC for Plaintiffs-Appellants.

Joseph L.G. Taijeron, Jr., Brendan Layde, CNMI House of Representatives for Defendant-Appellee.

NOTICE

This slip opinion has not been certified by the Clerk of the Supreme Court for publication in the permanent law reports. Until certified, it is subject to revision or withdrawal. In any event of discrepancies between this slip opinion and the opinion certified for publication, the certified opinion controls. Readers are requested to bring errors to the attention of the Clerk of the Supreme Court, P.O. Box 502165 Saipan, MP 96950, phone (670) 236–9715, fax (670) 236–9702, e–mail Supreme.Court@NMIJudiciary.gov.