**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000534
25-NOV-2024
09:13 AM
Dkt. 100 SO**

NO. CAAP-21-0000534

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


FIRST HAWAIIAN BANK, Petitioner-Appellant,
v.
CITADEL PACIFIC, LTD.; CITADEL FOOD GROUP HAWAII LLC;
CITADEL WINDBREAK, LLC; and HAWAIIAN HOST, INC.,
Respondents-Appellees,


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CSP-21-0000146)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Guidry, JJ.)

On October 1, 2021, Petitioner-Appellant First Hawaiian Bank (**FHB**) appealed from the (1) July 21, 2021 Order Granting in Part and Denying in Part [FHB's] Petition to Quash the Subpoena Duces Tecum dated February 24, 2021 (**Subpoena Order**); (2) August 6, 2021 Order Granting Hawaiian Host, Inc's (**Hawaiian Host**) Ex Parte Motion to Require Compliance by August 11, 2021 [with the Subpoena Order] (**Compliance Order**); and (3) September 23, 2021 Order Denying [FHB's Motion for

Reconsideration of the August 11, 2021 Compliance Order] (**Order Denying Reconsideration**), entered by the Circuit Court of the First Circuit (**circuit court**).[1]

The Subpoena Order required FHB to produce certain documents to Respondent-Appellee Hawaiian Host, Inc. (**Hawaiian Host**) in response to a subpoena issued by an arbitrator in an arbitration proceeding between Hawaiian Host and Citadel Pacific, Ltd., Citadel Food Group Hawaii LLC and Citadel Windbreak, LLC (together, **Citadel**). FHB was not a party to the arbitration proceedings. The Compliance Order set a deadline of August 11, 2021 for FHB to produce the documents.

FHB raises four points of error, contending the circuit court erred by: (1) failing to weigh the likely harm to FHB with the speculative benefit to Hawaiian Host; (2) misinterpreting the protections of Hawaii Revised Statutes (**HRS**) § 412:2-104 (2004); (3) granting Hawaiian Host's ex parte motion to require compliance; and (4) denying FHB's motion for reconsideration.[2]

The assessment documents at issue have never been produced by FHB. Following the circuit court's issuance of the

---

[1] The Honorable John M. Tonaki presided.

[2] FHB also contends that the circuit court erred in failing to enter a final judgment. However, on March 16, 2022, this court ordered a temporary remand, and on May 13, 2022, the circuit court entered a final judgment.

Compliance Order, FHB posted a supersedeas bond and obtained a stay pending appeal. In January 2024, FHB informed this court that it reached a settlement with Hawaiian Host, and that "[a]s a result of the settlement between FHB and [Hawaiian Host], there is no active dispute between FHB and [Hawaiian Host] relating to the Regulatory Assessment Documents."[3] FHB has requested that this court issue a decision on appeal, notwithstanding the settlement, contending that "although the settlement resolves the issue as between FHB and [Hawaiian Host] in this Appeal, FHB requests this Court to issue a decision because (1) the 'public interest' exception to the mootness doctrine applies, and (2) the 'capable of repetition, yet evading review' exception to the mootness doctrine also applies." FHB's contention lacks merit, as the exceptions to the mootness doctrine do not apply here.

---

[3] FHB moved to supplement the record of this appeal with, inter alia, the January 22, 2024 Stipulation for Partial Dismissal with Prejudice of Complaint and Counterclaims and Order (**Stipulation**). See CAAP-21-0000534 Dkt. 93. FHB represented that the settlement "resolves the dispute between FHB and [Hawaiian Host], including the issues which are the subject of this Appeal." We denied FHB's motion to supplement, pursuant to Hawai'i Rules of Appellate Procedure Rule 10(e), but gave FHB leave to refile a motion for this court to take judicial notice of the Stipulation.

Although FHB did not refile its motion, we exercise our discretion to take judicial notice of the Stipulation, which is part of the court record of a related circuit court proceeding, Case No. 1CCV-20-0001482. Kaho'ohanohano v. State, 114 Hawai'i 302, 329 n.19, 162 P.3d 696, 723 n.19 (2007) ("[T]he general rule that an appellate court is limited to the records and facts in the lower court's proceedings, is subject to the right of an appellate court in a proper case to take judicial notice of new developments not considered by the lower court.") (cleaned up); Roxas v. Marcos, 89 Hawai'i 91, 110 n.9, 969 P.2d 1209, 1228 n.9 (1998) ("an appellate court may in its discretion, take judicial notice of files or records of a case on appeal") (cleaned up).

Hawaiʻi courts recognize three exceptions to the mootness doctrine: (1) the capable of repetition, yet evading review exception; (2) the public interest exception, and (3) the collateral consequences exception.  Wilmington Sav. Fund Soc'y FSB v. Domingo, 155 Hawaiʻi 1, 13, 556 P.3d 347, 359 (2024), (quoting Hamilton ex rel Lethem v. Lethem, 119 Hawaiʻi 1, 5, 193 P.3d 839, 843 (2008)).

FHB does not contend that a failure to issue a decision in this appeal will have collateral consequences for FHB.  Moreover, although FHB has requested a decision on the merits of this appeal under the capable of repetition yet evading review and public interest exceptions, we conclude that those exceptions do not apply.  FHB expressed concerns that the Subpoena Order would result in it being required to produce documents in violation of HRS § 412:2-104 (2004), which generally protects information produced by financial institutions to the State of Hawaiʻi, Division of Financial Institutions (**DFI**).  However, the Circuit Court's Subpoena Order excuses FHB from disclosing information prepared specifically for the purpose of reporting to the DFI.  Nothing in the record suggests that attempts to subpoena records otherwise protected from disclosure by HRS § 412:2-104 is likely to recur, such that it would be beneficial for the court to provide guidance at this

time.[4]  Nor is there anything in the record that suggests a party would be unable to obtain appellate review of the issue if it arises in a future case.

For similar reasons, we conclude that the public interest exception does not apply.

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed.

DATED: Honolulu, Hawaiʻi, November 25, 2024.

On the briefs:

Craig K. Shikuma,
for Petitioner-Appellant.

Abigail M. Holden,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[4]    This court does not favor the issuance of advisory opinions. Wong v. Bd. of Regents, Univ. of Hawaiʻi, 62 Haw. 391, 394-95, 616 P.2d 201, 204 (1980) ("The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.") (citations omitted).